Page 2

2:06CV32-WKW

RECEIVED PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle For Alabama |
|---|---|
| Name (under which you were convicted): Christopher Lucas | Docket or Case No.: 136,793-21 04-22-008 |
| Place of Confinement: Ventress Correctional Fac. P.O. Box 767, Clayton, AL 36016 | Prisoner No.: 222646 |
| Petitioner (include the name under which you were convicted) Christopher Lucas | v. Respondent (authorized person having custody of petitioner) Warden: J.C. Giles |
| The Attorney General of the State of Alabama | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Nineteenth (19th) Judicial District, Parrish of East Baton Rouge, La., 222 St. Louis St. 70821

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): n/a

   (b) Date of sentencing: n/a

3. Length of sentence: n/a

4. In this case, were you convicted on more than one count or of more than one crime?     Yes ☐     No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: Pending Felony Theft.
   _____
   _____
   _____
   _____

6. (a) What was your plea? (Check one) ✷ Pending ✷

   (1)    Not guilty ☐          (3)    Nolo contendere (no contest) ☐

   (2)    Guilty ☐              (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____N/A_____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?

Yes ☐  No ☒

9. If you did appeal, answer the following:

(a) Name of court: _____N/A_____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     Yes ☐  No ☐

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☒

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☐ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

          Yes ☐ No ☐

       (7) Result: _____

       (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

       (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

       _____

       _____

       _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:        Yes ❑   No ❑

(2) Second petition:     Yes ❑   No ❑

(3) Third petition:       Yes ❑   No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____ *SEE ATTACHED MEMORANDUM* _____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _UNCONSTITUTIONAL LIBERTY DEPRIVATION_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
_* SEE ATTACHED MEMORANDUM *_

(b) If you did not exhaust your state remedies on Ground One, explain why: _FAILURE TO ADHERE AND/OR RESPOND BY PARTEES OF BOTH STATES._

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _SAME AS LINE B._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A ; SEE ATTACHED MEMORANDUM_

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☒

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    SEE ATTACHED MEMORANDUM

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: SEE ATTACHED MEMORANDUM

_____

_____

**GROUND TWO:** UNCONSTITUTIONAL "DUE PROCESS" VIOLATION.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

    SEE ATTACHED MEMORANDUM

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____ *SEE ATTACHED MEMORANDUM* _____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐  No ☒

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☒

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☒

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *SEE ATTACHED MEMORANDUM*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *SEE ATTACHED MEMORANDUM*

**GROUND THREE:** *UNCONSTITUTIONAL "DUE ACCESS" TO THE COURTS DENIAL.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *SEE ATTACHED MEMORANDUM*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *SAME AS GROUND ONE (1), AND TWO (2).*

(c) **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ❑  No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: *SEE ATTACHED MEMORANDUM.*

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  Yes ❑  No ☒

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): *CASE No. 126703-01 / WAR No. 04020008*

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐ No ☒

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*SEE ATTACHED MEMORANDUM*

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *SEE ATTACHED MEMORANDUM.*

_____

_____

**GROUND FOUR:** *UNCONSTITUTIONAL MALICIOUS PROSECUTION*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

*SEE ATTACHED MEMORANDUM*

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____ *SEE ATTACHED MEMORANDUM* _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *SEE ATTACHED MEMORANDUM*

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐  No ☒

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☒

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☒

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

See Attached Memorandum & Exhibits.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Same

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☐ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: See Attached Memorandum & Exhibits

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☒    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *" MOTION TO QUASH & DISMISS" ON SAME GROUNDS*
*IN THE NINETEENTH JUDICIAL DISTRICT, PARRISH OF*
*EAST BATON ROUGE, LA. 222 ST. LOUIS ST. 70821*
*CASE No. 1216703-01 WARRANT No. 04-02-008*

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____N/A._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

# ✳ MEMORANDUM ✳

(12)  FOR THIS PETITION, STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD IN VIOLATION OF THE CONSTITUTION, LAWS, OR TREATIES OF THE UNITED STATES.

## ✳ GROUNDS ✳

(1)  UNCONSTITUTIONAL LIBERTY DEPRIVATION.

(2)  UNCONSTITUTIONAL DUE PROCESS VIOLATION.

(3)  UNCONSTITUTIONAL DENIAL OF DUE ACCESS TO COURTS.

(4)  UNCONSTITUTIONAL MALICIOUS PROSECUTION.

## ✳ GROUND ONE ✳

### UNCONSTITUTIONAL DEPRIVATION OF LIBERTY

PETITIONER IS CURRENTLY, AND HAS BEEN BEING ILLEGALLY DEPRIVED OF HIS LIBERTY SINCE MARCH 17, 2005, ON A PREVIOSLY UNFOUNDED WARRANT IMPLEMENTED BY EAST BATON ROUGE, LOUISIANA THIRTY (30) DAYS AFTER THE PETITIONER WAS RELEASED INTO SOCIETY AFTER HIS SERVING APPROXIMATELY FORTY (40) MONTHS IN ALABAMA DEPARTMENT OF CORRECTIONS.

# * Ground Two *

## Unconstitutional due Process violation

(1) From the time of Petitioner's initial arrest date of 12-21-01 until his release into society on 2-17-05, his entire incarceration period, a series of N.C.I.C. warrant checks were performed, one specific telephonic contact to East Baton Rouge, in which they responded "No warrants existed".

(2) Since Petitioner's Rearrest date on March 17, 2005 on said unfounded East Baton Rouge warrant he has diligently asserted all effort in resolving said detainer / warrant through the provisions of:

  (a) Interstate Agreement on detainers
  (b) Fast and Speedy Trial under the Constitution of the United States and Louisiana.
  (c) Requests to the Authorities of his Place of Imprisonment.
  (d) Motions to the Court of Arresting Jurisdiction.
  (e) Letters / Requests to the East Baton Rouge Police Department.

All assertion has been Rejected and final Response from the East Baton Rouge Police Department was:

"A detainer, which will not be lifted, has been placed on you as a result of that warrant." Once your sentence is served in Alabama we will be happy to arrest and Prosecute you for this charge."

(2)

# * GROUND THREE *

## UNCONSTITUTIONAL DENIAL OF DUE ACCESS TO THE COURT.

(1) PETITIONER'S CURRENT PLACE OF IMPRISONMENT IN THE ALABAMA DEPARTMENT OF CORRECTIONS HAS NO ACCESS, AND REFUSES TO PROVIDE SUCH, TO ANY LOUISIANA CASE LAW, STATUTES, ADEQUATE ADDRESS INFORMATION, THEREFORE CAUSING PETITIONER SEVERE PREJUDICE IN PROPERLY PREPARING IN A DEFENSE AGAINST THE AFOREMENTIONED VIOLATIONS.

(2) THE CLASSIFICATION DEPARTMENT, CENTRAL RECORDS, COMMISSIONER OF CORRECTIONS, AND ALL AUTHORATIVE PERSONELL OF ALABAMA DEPARTMENT OF CORRECTIONS REFUSES TO ADHERE IN ASSISTING PETITIONER IN THE PROCESS OF FILING, OR INTERVENE AS TO THE ILLEGALITY OF SAID DETAINER DUE TO THE CONSTITUTIONAL AMENDMENT VIOLATIONS IN WHICH IT IS INFLICTING.

(3)

# * GROUND FOUR *

## UNCONSTITUTIONAL MALICIOUS PROSECUTION

BATON ROUGE, LOUISIANA HAS HAD OPEN OPPORTUNITY SINCE 12-21-01 TO IMPLEMENT AN ACTIVE DETAINER THROUGHOUT PETITIONER'S INCARCERATION PERIOD IN ALABAMA. INSTEAD THE EAST BATON ROUGE AUTHORITIES BLATENTLY LIED AND MALICIOUSLY WITHELD SAID PREVIOUSLY UNFOUNDED WARRANT FOR APPROXIMATELY FOUR (4) YEARS UNTIL PETITIONER WAS RELEASED INTO THE COMMUNITY TO TAKE ANY AFFIRMATIVE ACTION.

## SUMMARY OF FACTS

ON 12-21-01 PETITIONER WAS ARRESTED IN ALABAMA ON UNRELATED CHARGES AND RECEIVED A FIFTEEN (15) YEAR SENTENCE.

ON 4-16-02 PETITIONER WAS COMMITTED INTO THE ALABAMA DEPARTMENT OF CORRECTIONS TO FULFILL SAID SENTENCE AT WHICH TIME HIS SECURITY LEVEL WAS AT MEDIUM.

ON 3-16-03, THROUGH EXCELLENT BEHAVIOR REPORTS HE WAS AWARDED A SECURITY LEVEL OF MINIMUM AND ASSIGNED TO AN OUTSIDE BUS-SQUAD WORKING IN A FREE-SOCIETY ENVIRONMENT.

PETITIONER REMAINED WORKING IN THE COMMUNITY EXORCISING HIS MINIMUM CUSTODY STATUS FOR A PERIOD OF TWENTY-THREE (23) MONTHS UNTIL, DUE TO EXCELLENT INSTITUTIONAL AND WORK ASSIGNMENT REPORTS, HE WAS

Awarded Community Custody By Classification and Central Records Department of the Alabama Department of Corrections.

On 2-2-05, Affirmation of Said Custody Level was Substantiated / Invoked, And Petitioner was Released into Society to Reside At The Decatur Work-Release On 2-17-05, To Immediately Obtain Employment With An Independent Trailer Fabrication Company Based in Faulkville, Alabama, As Assembly Technician.

On 3-17-05, While Working At Said Employment Site, Authorities Arrived on Petitioner's Job-Site And Arrested Petitioner For The Aforementioned 2001 East Baton Rouge, Louisiana Warrant That Louisiana Authorities Had Denied Any / All Existance of Upon Contact Telephonically By Alabama Authorities Before Petitioner's Custody Decrease And Release into Society.

Petitioner was Then Remanded Back into Custody, Transported Back to A Different Level Four (4) Prison In Hand-Cuffs To Await Disposition of This out-of-State Warrant / Detainer Implemented By The Baton Rouge, Louisiana Authorities.

Since His Return Into Level Four (4) Medium Custody Status Behind Prison Walls on 3-21-05, Petitioner Has Diligently Pursued And Asserted All Effort In Attempt To Resolve Said Warrant / Detainer, And/or Initiate "Final disposition". But All Attempts Have Been Futile And Somewhat Meaningless Due To The Negligence of The Alabama Department of Corrections in Their Refusal To Assist In Filing, And Louisiana's Refusal To Adhere To The Numerous Motions Filed under The Federally Constructed Laws / Provisions

OF THE UNITED STATES CONSTITUTION AND THE LOUISIANA CONSTITUTION IMPLEMENTED BY THE STATE IN WHICH THE DETAINER ORIGINATES AS A SAFEGUARD PREVENTING ANY SUCH VIOLATIONS TO OCCUR ON AN OUT-OF-STATE DETAINEE.

A SEQUENCE OF PREVIOUSLY FILED, BY PRE-PAID CERTIFIED U.S. POSTAL SERVICE, DOCUMENTS, MOTIONS, REQUESTS, AND LETTERS, TO ALABAMA AND EAST BATON ROUGE, LOUISIANA ARE LISTED BELOW IN THE TIMELY FASHION IN WHICH THEY WERE SUBMITTED AND/OR FILED.

(1) ON MARCH 25, 2005, A "REQUEST FOR FINAL DISPOSITION" WAS SUBMITTED THROUGH THE APPROPRIATE AUTHORITIES OF ALABAMA DEPARTMENT OF CORRECTIONS IN C/O KATHY HOLT CENTRAL RECORDS DIVISION, UNDER THE PROVISIONS OF THE FEDERALLY SANCTIONED LAWS OF THE INTERSTATE AGREEMENT ON DETAINER'S CLAUSE.
EIGHTY (80) DAYS SURPASSED BEFORE THE AUTHORITIES OF ALABAMA RESPONDED, ONLY TO INFORM PETITIONER THAT SAID PROVISIONS WERE INAPPLICABLE AND THAT SAID REQUEST WAS INVALID.

(2) ON APRIL 07, 2005, A "MOTION TO QUASH & DISMISS" WAS SUBMITTED TO THE AUTHORITIES OF EAST BATON ROUGE, LOUISIANA (11TH JUDICIAL CIRCUIT).

(3) ON APRIL 14, 2005, A SUCCESSIVE "DEFENDANTS WRITTEN REQUEST FOR SPEEDY TRIAL" WAS SUBMITTED TO THE SAME JURISDICTION OF PROSECUTION (LOUISIANA) IN HOPES OF IMMINENT RESOLVEMENT UNDER SAID PROVISIONS.

(6)

(4) On April 21, 2005, the Clerk of Court for the Baton Rouge, Louisiana Authorities contacted the Petitioner in elaboration that the "Motion to Quash & dismiss", and the "Defendants written Request for Speedy Trial", had been construed as a "Notice of writ" and therefore forwarded to the Appropriate Authority for Review.

(5) On April 29, 2005, an "Amended Motion to Quash & dismiss" was forwarded / submitted to the Authority of jurisdiction deemed appropriate by the Clerk of Court for Baton Rouge, Louisiana by Petitioner in further elaboration of previous violations.

(6) On May 20, 2005, a "Court Notification of Parole Hearing" was submitted to the Louisiana Authorities in affirmation of Petitioner's up-coming Alabama Parole Review and the prejudice caused by their previously unfounded Warrant / detainer.
No response was ever received by the Petitioner and his Alabama Parole was subsequently denied.

(7) On June 25, 2005, a Letter of Inquiry was Submitted in Reference to the Current Status of Said Detainer to the Alabama Department of Correction Officials.

(8) On June 27, 2005, Petitioner Received From the Louisiana Court of Appeal a Notice of "Writ Denied" Due to Their Lack of Jurisdiction to Act on a Properly Filed Petition in Absence of The Lower Courts Ruling And /or Failure to Act.

(9) On July 05, 2005, a Secondary "Defendants Written Request For Speedy Trial" was Submitted to Louisiana Authorities In Assertion of Attempt to Resolve Said warrant/detainer Implemented By The Baton Rouge, Louisiana Police Department and /or Authorities.

(10) On July 14, 2005, a Secondary "Motion To Quash & Dismiss" was Submitted to The East Baton Rouge, Louisiana.

(11) On July 23, 2005, Petitioner notified the Alabama Department of Corrections, ( Commissioner, Mr. Donal Campbell ). This being in reference to the Constitutional Amendment violations involved, and requesting his assistance and/or intervention in regards to. This attempt was also futile and meaningless due to the lack of response by said party.

(12) On or about August 18, 2005, Petitioner received a letter of inquiry from the East Baton Rouge, Louisiana Nineteenth (19th) Judicial District Clerk (Mr. Doug Welborn). Requesting that Petitioner forward any/all previously submitted documentation in reference to. Mr. Welborn also stipulated of his having no knowledge of any pre-existing warrant.

(13) On September 9, 2005, Petitioner responded in compliance of Clerk Welborn's request, and forwarded all previously submitted documentation in reference to said warrant/detainer. This attempt in resolvement also appears being futile due to lack of any response or confirmation of initiation of "Final disposition."

(14) On October 19, 2005, Petitioner received from the "Baton Rouge, Louisiana Police Department." a very derogatory and explicit return response in regards to his previously submitted "Status Report" in reference to the response from the Jurisdiction of Prosecution read pertinent as follows:

"We received your letter inquiring about Felony Theft Charges that are pending against you in Baton Rouge. The Baton Rouge Police Department has an active Felony Theft Warrant for your arrest. "A Detainer", which will not be lifted, has been placed on you as a result of that warrant. Once your sentence is served in Alabama, we will be happy to arrest and prosecute you for this charge."

All aforementioned motions, Requests for disposition, letters of inquiry, status reports, to both authorities of Alabama and Louisiana, were mailed "Certified", return receipt requested.

Enclosed within this memorandum is the sequence of previously filed documentation to both authorities of Alabama and Louisiana along with the affirmation of mailing and receipt slips.

(15) On or about December 8, 2005, in one final attempt to resolve said detainer, Petitioner submitted a third and final "Motion to Quash and Dismiss", or Motion to Left Detainer", to the Louisiana Authorities:

(A) Doug Welborn
   Clerk of Court
   222 St. Louis St.
   Baton Rouge, La. 70821

(B) Doug Moreau, 5th. Floor
   District Attorney
   222 St. Louis St.
   Baton Rouge, La. 70821

Also forwarded by Pre-Paid "Certified-Return Receipt Requested" United States Postal Service.

— — — — — — — — — — — — — — — — —

## * Conclusion *

Petitioner has asserted all available effort in exhausting administrative and state-court level afforded him in attempt to acquire final-disposition of the aforementioned warrant/detainer through both authorities, Louisiana and Alabama.

The federally constructed laws, and/or provisions set forth under the United States Constitutional amendments regulate and militate against any such violations.

THE SPECIFIED TIME FRAMES WITHIN THE GOVERNING RULES ENCOMPASSING SAID LAWS / PROVISIONS HAVE LONG SINCE TOLLED AND BOTH, STATE AND FEDERAL RULES GOVERNING SUCH HAVE BEEN VIOLATED.

THE BLATENT NEGLIGENCE OF THE ALABAMA DEPARTMENT OF CORRECTIONS. (CLASSIFICATION, AND CENTRAL RECORDS), IN THEIR REFUSAL TO PROPERLY ASSIST PETITIONER IN HIS ATTEMPT TO RESOLVE AND/OR ACQUIRE "FINAL-DISPOSITION" OF SAID OUT-OF-STATE WARRANT / DETAINER.

<u>AND</u>

THE EVASIVE TACTICAL MANEUVERING OF LOUISIANA BY THEIR FAILURE TO RESPOND AND ADHERE TO THEIR OWN LAWS / STATUTES. (INCLUDING BUT NOT LIMITED TO), THE CONSTITUTIONAL AMENDMENTS IV, VI, AND XIV OF THE UNITED STATES.

THEREFORE, PETITIONER IS LEFT WITH NO OTHER MEANS OR ALTERNATIVE THAN TO PURSUE RELIEF THROUGH THIS HONORABLE HABEAS COURT AND FURTHER REQUEST FOR INTERVENTION AND ASSISTANCE.

THE DUE-PROCESS AND DEPRIVATION OF LIBERTY VIOLATIONS INVOLVED ARE PHENOMENAL. AND THE NEGLEGENCE IN WHICH IS REFLECTED BY THE PRIMA-FACIA EVIDENCE ENCLOSED AS EXHIBITS, WHICH ARE REQUIRED. FULLY SUBSTANTIATES PETITIONER'S CLAIM.

## * RELIEF REQUESTED *

PETETIONER HEREBY REQUESTS THIS HONORABLE HABEAS COURT'S INTERVENTION TO DIRECT / ORDER THE WARRANT / DETAINER BE LIFTED UNDER THE PROVISION VIOLATIONS SET FORTH BY THE FEDERALLY CONSTRUCTED LAWS THAT MILITATE AGAINST SUCH VIOLATIONS.

---

* COUNTY OF BARBOUR *
* STATE OF ALABAMA *

### AFFIDAVIT

BEFORE ME, A NOTARY PUBLIC, IN AND FOR SAID COUNTY, AT LARGE PERSONALLY APPEARED, CHRISTOPHER LUCAS, WHOM BEING KNOWN TO ME AND FIRST DULY SWORN IN ACCORD WITH LAW DID DEPOSE AND STATE AS FOLLOWS:

(1) MY NAME IS CHRISTOPHER LUCAS, I AM OVER THE AGE OF TWENTY-ONE (21) AND BOTH COMPETENT AS WILLING TO TESTIFY TO THE FACTS CONTAINED HEREIN.

(2) THE CONTENTS ENCLOSED WITHIN AS EXHIBITS ARE A SEQUENCE OF TRUE AND CORRECT COPIES OF DOCUMENTS, PREVIOUSLY SUBMITTED BY MYSELF TO THE AUTHORITIES OF LOUISIANA AND ALABAMA IN ATTEMPT TO RESOLVE AND / OR ACQUIRE INITIATION OF "FINAL-DISPOSITION" IN THE AFOREMENTIONED MATTER.

(3) THESE ORIGINAL COPIES, ALONG WITH THE HABEAS CORPUS PETETION HAS BEEN FORWARDED BY PRE-PAID "CERTIFIED, RETURN RECEIPT REQUESTED" U.S. POSTAL SERVICE TO: UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, P.O. Box 711, MONTGOMERY, ALA. 36101

NOTARY: Carolyn R. Abercrombie THIS 27th DAY OF December 2005.

My Commission Expires August 18, 2007

SIGNATURE OF PETETIONER / AFFIANT: Chris Lucas

Therefore, petitioner asks that the Court grant the following relief: *THAT THE WARRANT, DETAINER BE LIFTED AND PETITIONER BE RETURNED TO WORK RELEASE FACILITY.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _*DECEMBER*_ _*28, 2005*_____ (month, date, year):

Executed (signed) on _*12/28/05*___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

* * * * *