IN THE DISTRICT COURT OF THE NINETEENTH Judicial CIRCUIT
IN THE PARRISH OF EAST BATON ROUGE

2006 JAN 13 A 9:40

CHRISTOPHER LUCAS
PETITIONER

VS.

STATE OF LOUISIANA
RESPONDENT

CASE NO: 126703-01
WARRANT NO: 04-02-008

## MOTION TO QUASH AND DISMISS
## And/or
## MOTION TO LIFT DETAINER

COMES NOW THE PETITIONER, CHRISTOPHER LUCAS, PRO-SE,
PURSUANT TO THE RULES GOVERNING THE SPEEDY-TRIAL PROVISIONS
AND THE UNITED STATES CONSTITUTIONAL AMENDMENTS SIX (6)
AND FOURTEEN (14).

### AMENDMENT VI [1791]

"IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY
THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL
JURY OF THE STATE AND DISTRICT WHEREIN THE CRIME SHALL
HAVE BEEN COMMITTED, WHICH DISTRICT SHALL HAVE BEEN
PREVIOUSLY ASCERTAINED BY LAW, AND TO BE INFORMED OF
THE NATURE AND CAUSE OF THE ACCUSATION; TO BE CONFRONTED
WITH THE WITNESSES AGAINST HIM; TO HAVE COMPULSORY
PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, AND TO
HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE."

# Amendment XIV [1868]

Section one : "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States ; nor shall any state deprive any person of life, liberty, or property, without due process of law : nor deny to any person within it's jurisdiction the equal protection of the laws."

## Summary of Facts

On 12-21-01 Petitioner was arrested in Alabama on property crimes and received a fifteen (15) year sentence. On 4-16-02 he was incarcerated in the Alabama Department of Corrections with a custody level of medium. On 3-16-03 he was awarded custody level of minimum due to his excellent institutional record and assigned to the outside bus-squad that works in a free-society environment. Petitioner remained working in the community exercising his minimum custody status for a period of twenty-three (23) months.

On 2-2-05, through diligent and persistant work habit and reports, the Petitioner was recommended and approved for work-release at the Decatur work release community-based facility.

On or about 2-17-05 Petitioner arrived at said facility and obtained employment with "Lone-Wolf"

TRAILER COMPANY, AN INDEPENDENT COMPANY BASED IN FAULKVILLE, ALABAMA.

ON OR ABOUT 3-17-05, (APPROXIMATELY THIRTY (30) DAYS AFTER PETITIONER'S RELEASE FROM PRISON), PETITIONER WAS ARRESTED AT HIS PLACE OF EMPLOYMENT ON THIS UNFOUNDED WARRANT ORIGINATING FROM THIS JURISDICTION, AND WAS TRANSPORTED BACK TO THE ALABAMA DEPARTMENT OF CORR. TO AWAIT FINAL DISPOSITION OF SAID WARRANT/DETAINER.

## ✷ ARGUEMENT ✷

FROM THE DATE OF PETITIONER'S INITIAL ARREST ON 12-21-01 IN ALABAMA UNTIL HIS RELEASE INTO SOCIETY ON 2-17-05, WHICH WAS APPROXIMATELY THIRTY-FOUR (34) MONTHS, THE ALABAMA AUTHORITIE'S PERFORMED/DEPLOYED NUMEROUS CHECKS (N.C.I.C.) DURING INCARCERATION IN WHICH THIS ALLEGED AND/OR UNFOUNDED WARRANT/DETAINER NEVER SURFACED.

ONE SPECIFIC CHECK WAS PERFOMED ON OR ABOUT 2-17-05 TO THE BATON ROUGE AUTHORITIES BY THE CLASSIFICATION DEPARTMENT OF THE ALA. DEPT. OF CORRECTIONS (PER PETITIONER'S REQUEST), AND AGAIN, NO WARRANT/DETAINER EXISTED.

✷ PROGRESS REVIEW COPIES ATTACHED ✷
(EXHIBIT A)

SINCE PETITIONER'S ARREST AND REINCARCERATION DATE ON 3-17-05 REGARDING SAID WARRANT HE HAS DILIGENTLY ATTEMPTED TO RESOLVE AND/OR INITIATE FINAL DISPOSITION THROUGH THE NUMEROUS CERTIFIED PRE-PAID DOCUMENTS LISTED HEREIN TO THE LOUISIANA AUTHORITIES. THESE ATTEMPTS HAVE BEEN FUTILE AND SOMEWHAT MEANINGLESS

DUE TO THE EVASIVENESS AND/OR IMPROPER FORWARDING OF SAID BY THE CIRCUIT CLERK OF LOUISIANA.

PETITIONER SUBMITTED AND PROPERLY FILED A MOTION TO QUASH & DISMISS AND A WRITTEN REQUEST FOR A FAST & SPEEDY TRIAL BY CERTIFIED MAIL TO THE CIRCUIT CLERK WHOM MISCONSTRUED SAID MOTIONS AS "WRITS", AND IMPROPERLY FORWARDED SAID TO THE LOUISIANA COURT OF APPEALS FOR REVIEW. THE COURT OF APPEALS DENIED PETITIONER'S MOTION DUE TO THEIR NON-AVAILIBILITY OR LACK OF JURISDICTION.

IN THE RESPONSE OF THE FIRST CIRCUIT COURT OF APPEAL THEY ELABORATED AS TO:

"THIS COURT IS LIMITED TO REVIEW OF LOWER COURT RULINGS OR THE FAILURE OF THE LOWER COURT TO ACT ON A 'PROPERLY' FILED PETITION."

"IF REALTOR IS ATTEMPTING TO QUASH A WARRANT FOR FELONY THEFT ISSUED BY THE BATON ROUGE CITY POLICE DEPARTMENT, HE SHOULD FIRST FILE HIS PLEADINGS IN THE 19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE."    (SEE ATTACHED APPELLATE COURT RESPONSE)
(EXHIBIT.B)

PETITIONER ASSERTS THAT ON 3-25-05 HE SUBMITTED THROUGH THE PROPER AUTHORITIES A "FINAL REQUEST FOR DISPOSITION" PURSUANT TO THE (I.A.D.A.), TO BE FORWARDED TO THE APPROPRIATE AUTHORITY, ONLY TO BE INFORMED 80 PLUS DAYS LATER THAT LOUISIANA IS NOT A SIGNATORY MEMBER OF SAID FEDERALLY CONSTRUCTED LAWS.

ON 4-7-05 PETITIONER SUBMITTED A "MOTION TO QUASH AND DISMISS" IN REFLECTION OF THE "DUE PROCESS" AND "DEPRIVATION OF LIBERTY" VIOLATIONS INVOLVED.

ON 4-14-05 PETITIONER SUBMITTED A "DEFENDANT'S WRITTEN REQUEST FOR SPEEDY TRIAL MOTION".

On 4-21-05, Christine L. Crow, the Circuit Clerk of Said District Notified Petitioner that his Motion to Quash + Dismiss, and Speedy Trial Motion had been Forwarded to the Appropriate Authority of the Appellate Court in Construence of Writ Form. Therefore, the Petitioner was under Pretense and Led to Believe by Said Clerk that Proper Forwarding was Complete.

On 4-29-05, Petitioner Submitted an "Amended Motion to Quash and Dismiss" to the Authority in which the Circuit Clerk (Christine L. Crow) deemed to be the Appropriate Authority in the Construence of Said Motions.

These Inadequate and/or Inappropriate Actions of the Circuit/District Clerk have Severly Prejudiced Petitioner to Such a degree that the due Process and deprivation of Liberty are at a Phenominal Level.

On 5-20-05, Petitioner Submitted a "Court Notificat-ion of Parole Hearing" that was Scheduled 6-15-05 in Ascertainment of the Liberty deprivation Caused by Said Warrant/detainer to the Same Jurisdiction Appointed "Appropriate" by the Circuit/district Clerk (Christine L. Crow).

Response in Regards to Said Notification was Never Received by Petitioner from the First Circuit, Court of Appeal of Louisiana, and Petitioner was Subsequently denied Parole in Alabama due to the Pending detainer.

On 6-25-05, Petitioner Contacted/Notified the Alabama D.O.C. Prison Officials in Regards to the Status of Said Pending Warrant/detainer.

On 6-27-05, Petitioner Received from the Louisiana Court of Appeal, First Circuit, a Notice that the

WRIT WAS DENIED DUE TO THE LOWER COURTS FAILURE TO
REVIEW AND/OR ACT ON A "PROPERLY FILED MOTION".
(SEE ATTACHED APPELLATE COURTS RESPONSE)
(EXHIBIT-B)

ON 7-5-05, PETITIONER SUBMITTED A SECOND WRITTEN
"REQUEST FOR SPEEDY TRIAL" BY CERTIFIED MAIL TO THE
19TH JUDICIAL DISTRICT, WHICH IN FACT IS WHERE THE
ORIGINAL AND/OR FIRST PETITION WAS INITIALLY TO BE
SUBMITTED TO BY CIRCUIT CLERK (CHRISTINE L. CROW),
INSTEAD OF THE COURT OF APPEALS IN WHICH THE PETITION
WAS IMPROPERLY FORWARDED TO BY SAID CLERK.

ON 7-14-05, PETITIONER SUBMITTED A SECONDARY "MOTION
TO QUASH AND DISMISS" BY PRE-PAID CERTIFIED MAIL TO
THE APPROPRIATE AUTHORITY IN WHICH HE WAS DIRECTED
BY THE CIRCUIT APPELLATE COURT.

ON 7-23-05, PETITIONER CONTACTED/NOTIFIED DONAL
CAMPBELL, (COMMISSIONER OF THE ALABAMA DEPT. OF
CORRECTIONS) BY CERTIFIED MAIL, IN REGARDS TO THE
CONGRESSIONALLY SANCTIONED LAWS AND/OR SAFEGUARDS
THAT NOT ONLY PREVENT INTENTIONAL AND MALICIOUS
HARM, BUT ALSO HIS AUTHORITY OVER PREVENTIVE MEASURES
THAT FALL WITHIN HIS CAPACITY.

ON 8-18-05 A MR. DOUG WELBORN CONTACTED PETITIONER
REQUESTING THAT PETITIONER FORWARD ANY/ALL DOCUMENTS
PREVIOUSLY SUBMITTED DUE TO THE FACT THAT THERE WAS NO
AFFIRMATIVE RECORD OF SAID WARRANT/DETAINER.
(MR. DOUG WELBORN IS THE CIRCUIT CLERK FOR THE DISTRICT
IN WHICH THE ALLEGED WARRANT/DETAINER ORIGINATES).

On 9-9-05, Petitioner contacted and forwarded all previously submitted motions / requests to Mr. Welborn per his request substantiating Petitioner's assertion of attempt to resolve said matter as of March, 2005.

On 10-3-05, the Classification Department of the Ventress Correctional Facility denied Petitioner's reinstatement of minimum custody and return to current status of working in society as he was prior to the implementation of this previously unfounded warrant.

No effort has been set forth on behalf of the Classification Department, Central Records, or any authoritive personnell of the Alabama Dept. of Corrections in attempt to assist Petitioner in his assertion to resolve said detainer as their employment description encompasses or requires.

The Louisiana authorities: Circuit Clerk, Police Department, and all authorities involved, have been non-informative, evasive, and somewhat neglegent, and malicious in eluding and forwarding Petitioner's motions to the inappropriate jurisdiction.

Petitioner has diligently asserted all efforts as to initiating final-disposition by the procedure of the Interstate Agreement on Detainers via the Central Records division (Kathy Holt Director) of the Alabama Department of Corrections in March 2005.

By submitting a motion for fast & speedy trial to the Circuit Clerk of Baton Rouge, Louisiana on April 14, 2005, in which the 180 day time limit has since tolled.

In Response To all Effort That Peteteoner has asserted in attempt to Resolve The Above Capteoned Case at Administrateve, Local Authorateve, and State Court Level.

On 10-19-05, Peteteoner Received From The "Baton Rouge Police Department", a Return Response In Regards To a Previously Submitted Status Report of Final Disposeteon.

This Response Reads Pertenent as Follows:

" We Received Your Letter Inquiring About Felony Theft Charges That are Pending against you In Baton Rouge. The Baton Rouge Police Department has an active Felony Theft Warrant For Your Arrest. 'A detainer', 'which will not Be Lifted', has Been Placed on you as a Result of That Warrant."

"Once Your Sentence Is Served In Alabama We Will Be Happy To arrest and Prosecute You For This Charge." (See Attached Response / Exhibit-C)

Pursuant To The Following Listed Federal and State Sancteoned Laws and/or Provisions This Is In Clear Violateon of, and also Reflects Malicious Prosecuteon with Intenteonal delay which would Promote Judicial Misconduct, Should The Peteteoner's Previously Submitted "Fast & Speedy Trial', and 'Request For Final disposeteon" Submitted on or Before April 14, 2005 Be adhered To outside it's designated Time Frame Requirement.

# STATEMENT OF CASES

(1) U.S. v. MAURO 56 L Ed 2nd 329 (Pg. 345 FOOTNOTE #25)

CRIMINAL LAW § 48 - RIGHT TO SPEEDY TRIAL:
> "A PROSECUTING AUTHORITY IS NOT RELIEVED
> OF IT'S OBLIGATION TO PROVIDE A DEFENDANT
> A SPEEDY TRIAL JUST BECAUSE HE IS IN
> CUSTODY ELSEWHERE."

## WESTLAW.

LSA-C.CR.P. ART. 701
→ ART. 701. RIGHT TO A SPEEDY TRIAL.

A. THE STATE AND THE DEFENDANT HAVE THE RIGHT TO A SPEEDY TRIAL.

B. THE TIME PERIOD FOR FILING A BILL OF INFORMATION OR INDICTMENT AFTER ARREST SHALL BE AS FOLLOWS:

(1) WHEN THE DEFENDANT IS CONTINUED IN CUSTODY SUBSEQUENT TO ARREST, AN INDICTMENT OR INFORMATION SHALL BE FILED WITHIN FORTY-FIVE DAYS OF THE ARREST IF THE DEFENDANT IS ~~BECAUSE~~ BEING HELD FOR A MISDEMEANOR AND WITHIN SIXTY DAYS OF THE ARREST IF THE DEFENDANT IS BEING HELD FOR A FELONY.

FAILURE TO INSTITUTE PROSECUTION AS PROVIDED IN SUB-PARAGRAPH (1) SHALL RESULT IN RELEASE OF THE DEFENDANT IF, AFTER CONTRADICTORY HEARING WITH THE DISTRICT ATTORNEY, JUST CAUSE FOR THE FAILURE IS NOT SHOWN. IF JUST CAUSE IS SHOWN, THE COURT SHALL RECONSIDER BAIL FOR THE DEFENDANT.

(2) WHEN THE DEFENDANT IS NOT CONTINUED IN CUSTODY SUBSEQUENT TO ARREST, AN INDICTMENT OR INFORMATION SHALL BE FILED WITHIN NINETY DAYS OF THE ARREST IF THE DEFENDANT IS BOOKED WITH A MISDEMEANOR AND ONE HUNDRED FIFTY (150) DAYS OF THE ARREST IF THE DEFENDANT IS BOOKED WITH A FELONY.

FAILURE TO INSTITUTE PROSECUTION AS PROVIDED IN SUB-PARAGRAPH (2) SHALL RESULT IN THE RELEASE OF THE BAIL OBLIGATION IF, AFTER CONTRADICTORY HEARING WITH THE DISTRICT ATTORNEY, JUST CAUSE FOR THE DELAY IS NOT SHOWN.

C. UPON FILING OF A BILL OF INFORMATION OR INDICTMENT, THE DISTRICT ATTORNEY SHALL SET THE MATTER FOR ARRAIGNMENT WITHIN THIRTY (30) DAYS UNLESS JUST CAUSE FOR A LONGER DELAY IS SHOWN.

D. (1) A MOTION BY THE DEFENDANT FOR A SPEEDY-TRIAL, IN ORDER TO BE VALID, MUST BE ACCOMPANIED BY AN AFFIDAVIT BY DEFENDANT'S COUNSEL CERTIFYING THAT THE DEFENDANT AND HIS COUNSEL ARE PREPARED TO PROCEED TO TRIAL WITHIN THE DELAYS SET FORTH IN THIS ARTICLE. AFTER THE FILING OF A MOTION FOR SPEEDY-TRIAL BY THE DEFENDANT AND HIS COUNSEL THE TIME PERIOD FOR COMMENCEMENT OF TRIAL SHALL BE AS FOLLOWS:

(A) THE TRIAL OF A DEFENDANT CHARGED WITH A FELONY SHALL COMMENCE WITHIN ONE-HUNDRED TWENTY (120) DAYS IF HE IS CONTINUED IN CUSTODY, AND WITHIN ONE-HUNDRED EIGHTY (180) DAYS IF HE IS NOT CONTINUED IN CUSTODY.

(2) FAILURE TO COMMENCE TRIAL WITHIN THE TIME PERIODS
PROVIDED ABOVE SHALL RESULT IN THE RELEASE OF DEFENDANT
WITHOUT BAIL, OR IN THE DISCHARGE OF THE BAIL OBLIGATION.
IF AFTER CONTRADICTORY HEARING WITH THE DISTRICT ATTORNEY
JUST CAUSE FOR THE DELAY IS NOT SHOWN.

— — — — — — — — — — — —

## CONCLUSION

PETITIONER ASSERTS THAT THE "DEFENDANT'S REQUEST
FOR SPEEDY-TRIAL FILED ON APRIL 14, 2005 THAT WAS
CONSTRUED AS A WRIT AND IMPROPERLY FORWARDED TO THE
APPELLATE COURT BY CIRCUIT-CLERK (CHRISTINE CROW)
WAS SUBMITTED UNDER PRO-SE LITIGATION, AND FURTHER
CONTAINED THE ADEQUATE / APPROPRIATE ACKNOWLEDGE-
MENT OF PETITIONER'S FULL PREPAREDNESS OF PROCEEDING
TO TRIAL. PETITIONER'S MOTION WAS IN FULL REQUIREMENT.

THIS, ALONG WITH THE NUMEROUS PREVIOUSLY SUBMITTED
MOTIONS / REQUESTS TO THIS AUTHORITY, AND THE ALABAMA
AUTHORITIES, HAVE THOROUGHLY EXHAUSTED REMEDY AT
STATE COURT LEVEL.

THE TIME-FRAMES SPECIFIED IN THE RULES THAT GOVERN
SAID PROVISIONS, (FEDERAL AND STATE), HAVE BEEN
VIOLATED AND / OR EXCEEDED IN TIME.

PETITIONER HAS PROPERLY CONDUCTED ALL MEANS OF ATTEMPT TO INITIATE FINAL-DISPOSITION AT STATE COURT LEVEL. ANY CONFIRMATION OF DOCUMENTS CAN AUTHENTICATED THROUGH MR. DOUG WELBORN, CLERK OF COURT, P.O. BOX 1991, BATON ROUGE, LOUISIANA. 70821-1991.

THE VIOLATIONS OF PETITIONER'S RIGHTS UNDER THE SPEEDY-TRIAL PROVISIONS, EXCLUDING THE DUE-PROCESS AND LIBERTY-DEPRIVATION, ARE ENOUGH TO WARRANT INITIATION OF 28 U.S.C. 2254 (HABEAS CORPUS PROCEEDING).

THEREFORE, PETITIONER, LEFT WITH NO OTHER MEANS OR ALTERNATIVES AS TO RESOLVING AND/OR PREVAILING IN FINAL-DISPOSITION OF SAID WARRANT AT STATE COURT LEVEL, WILL BE FORCED TO PURSUE 28 U.S.C. 2254 AND 42 U.S.C. 1983 PROCEEDINGS.

— — — — — — — — — — — — — —

## RELIEF REQUESTED

PETITIONER REQUESTS, AS SPECIFIED WITHIN LOUISIANA CODE OF CRIMINAL PROCEDURE, ARTICLE 701, D(2), THAT THE DEFENDANT BE RELEASED WITHOUT BAIL, OR IN THE DISCHARGE OF THE BAIL OBLIGATION, SO THAT THE DEFENDANT CAN RETURN TO HIS PREVIOUS STATUS BEFORE IMPLEMENTATION OF SAID UNFOUNDED WARRANT.

SAID DETAINER SHOULD BE LIFTED AND PETITIONER SHOULD BE AFFORDED THE AVAILIBILITY TO MAKE ANY/ALL REQUIRED COURT APPEARANCES VOLUNTARILY, OR WARRANT SHOULD NO LONGER BE OF ANY FURTHER FORCE DUE TO THE FEDERALLY CONSTRUCTED "DUE PROCESS" VIOLATIONS.

WHEREFORE, PETITIONER PRAYS THAT THIS HONORABLE PROVIDE ALL RELIEF TO PETITIONER IT DEEMS JUST IN THE PROVISION VIOLATIONS CONTAINED HEREIN.

— — — — — — — — — — — —

## SWORN OATH

I, CHRISTOPHER LUCAS, do HEREBY SWEAR / AFFIRM UNDER PENALTY OF PERJURY, THAT THE FACTS CONTAINED HEREIN ARE & CORRECT.

AFFIANT: *Christopher Lucas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE & CORRECT OF THIS FOREGOING PETITION HAS BEEN FORWARDED BY CERTIFIED PRE-PAID MAIL TO THE FOLLOWING PARTIES.

Doug Welborn
CLERK OF COURT
222 St. Louis St.
BATON ROUGE, LA 70821

Doug MOREAU, 5TH, FL.
DISTRICT ATTORNEY
222 St. Louis St.
BATON ROUGE, LA 70802

NOTARY: Carolyn R. Abercrombie DONE THIS 7th DAY OF December 2005.

COMMISSION EXPIRATION DATE: My Commission Expires August 18, 2007 .

PETITIONER: *Christopher Lucas*
CHRISTOPHER LUCAS.

3#: 00222646    NAME: LUCAS, CHRISTOPHER    RACE: B  SEX: M

ARNING STATUS:   PROHIBITED FROM EARNING GOODTIME

ASSIFYING INSTITUTION IS - *RCC*

COMMENDED CUSTODY IS - *Medium*    APPROVED CUSTODY IS - *med*

COMMENDED INST IS - *Limestone C.F.*    APPROVED PLACEMENT IS - *WF/SC/FCC, etc*

---

ESENT WORK        ASSIGNMENT                NEW WORK ASSIGNMENT

IMARY - ................................    ................................

CONDARY - ............................    ................................

OGRAM PARTICIPATION - ................    ................................

................................    ................................

IVER OF CRITERIA REQUESTED FOR - ................

STIFICATION AND COMMENTS - *A 35 year old sentenced to 15 years for Unlaw/Tort. I and III Poss/ Fraud use cr cd. Subject made parole in CA around 9-a1-01. 1 count II charge. Subject absconded from parole and was enroute to AL at the time he was arrested on present offense. NCIC to Calif. Recommend medium custody approval Limestone C.T. AFO Staff needs approval.*

*David Mann 8/02/02*
ASSIFICATION SPECIALIST    DATE        CLASSIFICATION CO-ORDINATOR    DATE

                                            *W. Cephas  WF/SC/FCC etc detainer*
YCHOLOGIST  *Judy Packard OH*  *8/3/02*    CENTRAL REVIEW BOARD    DATE *8/5/02*

RDEN OR REPRESENTATIVE    DATE            CENTRAL REVIEW BOARD    DATE

MATE                      DATE            CENTRAL REVIEW BOARD    DATE

TAS                                        *Exhibit- "A"*

# CERTIFICATE OF DISCHARGE

LUCAS, CHRISTOPHER _____ J21118 _____
Name                                    Number

08/27/2002 _____
Date

The above-named person has been discharged from the custody of the California Department of Corrections on all existing felony commitments as of this date.

The card at left is your Certificate of Discharge which is to be kept in your possession. The back of the card lists the telephone numbers of the Regional Parole offices for your use. These offices may be contacted if you have any questions or problems.

*The card is removed by tearing along the perforated lines.*

Upon your discharge from any California Department of Corrections institution, certain services are available to you through the Parole Division of the Department of Corrections, subject to funds available and the reasonableness of the request being made. Services may be received at any Parole Division office in the community.

The services that are available include assistance in securing housing, employment and/or financial aid to purchase tools necessary to secure and/or maintain employment. Letters of reference and/or referral can also be written. Information regarding various agencies or persons who can provide clarification of your legal status and present responsibilities can also be provided. Counseling or discussion of problems and concerns and potential educational and/or vocational referral is also offered.

Your successful re-entry into the community is our wish, and we offer those services and whatever form of assistance is possible to achieve that result.

DIRECTOR OF CORRECTIONS

CDC 165 (REV. 7/82)                                           9R 7630

✳ EXHIBIT - β ✳

AIS: 00266-69-5? RACE/SEX: B/M DATE OF BIRTH: 05/22/1967
NAME: LUCAS, CHRISTOPHER    CUSTODY: MEDIUM SECURITY LEVEL: 4
INST: LIMESTONE CORRECTIONAL CENTE  TIME SRVD: 00Y06M15 LAST DISC: 11/0?/2002
CURR REC: STOLEN PROPERTY II  MIN REL DT: 02/12/2097 ACTIVE DET
MR DISC - DISORDERLY CONDUCT    PRL CONS DT: 00/00/0000 EDUCAT LEV: 14
          B-Side Yard Crew
WL/PGM:                              PRIM OCCUP: UNEMPLOYED
SPECIALIST:                Limestone     DATE
                                          RECOMMENDED CUSTODY:    Min.
RECOMMENDED INSTITUTION:                  Limestone

JUSTIFICATION:  APR - Repeat offender serving 15 years for UBEV, Ill. Poss/Fraud Use-

Credit, TOP II, and REP II.  Subject was sentenced on above referenced pending detainer,

i.e., Receiving Stolen Property II subject is now serving on.  Subject made parole in

CA around 09/2001, on a Burglary II charge, but he absconded from Parole and was

enroute to Atlanta, GA when arrested on current offenses.  Subject was discharged from

CA Parole, #J21118 on 08/27/2002.  Subject has no detainers, known enemies, or sex

crimes.  Psych. at intake 08/2002, made no mental health recommendations.  Due to

resolution of detainer, recommend minimum-out custody at Limestone for system need

and a period of observation.

N/A SPC 2-18-03                                    APP. S/L:
I CERTIFY ENEMY LIST WAS REVIEWED AND UPDATED:  Capt Lloyd Walker 3/6/03
                               3/6/03
CLASSIFICATION SPECIALIST 3/6/03      WARDEN OR DESIGNEE 3/6/03

High
PSYCHOLOGIST/PSYCHOLOGIST'S ASSOC. DATE    CLASSIFICATION COORDINATOR DATE

CENTRAL REVIEW BOARD ACTION

___ APPROVED ___ DENIED; DIVERTED TO: _____  REASONS:

                                               CRB MEMBER          DATE
                                               MAR 2003
___ APPROVED ___ DENIED; DIVERTED TO: _____  REASONS:
                                               Latest Classification
                                               Received
                                               CRB MEMBER          DATE

___ APPROVED ___ DENIED; DIVERTED TO: _____  REASONS:

                                               CRB MEMBER          DATE
FINAL DECISION: INST  LCF  CUSTODY  Min.  DATE 3/6/03
                      3/6/03                    Chris Lucas
DATE INMATE INFORMED:            INMATE'S SIGNATURE:
Religious preference - Jehovah Witness    DNA - 07/31/2002 at Kilby
                                          Physical limitations -
                                          Marketable skills -
                                          State Driver's License -
Initial 08/2002, Med., SL IV - detainer
                                          DAS 4/8/03   DAS 3/25/03   3-10-03

Exhibit-"C"

ALABAMA DEPARTMENT OF CORRECTIONS - PROGRESS REVIEW FORM - SEPTEMBER 11, 2003

(COU122)
AIS #: 00222646     SSN: 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  RACE/SEX:  B/M   DATE OF BIRTH: 05/22/1967
NAME: LUCAS, CHRISTOPHER            CUSTODY:   MIN2   SECURITY LEVEL: 2
INST: LIMESTONE CORRECTIONAL CENTE  TIME SRVD: 01Y01M07 LAST DISC: 11 06 2002
CRME: RECV STOLEN PROPERTY II       MIN REL DT: 02/19/2007 ACTIVE DET:  1

DISC: DISORDERLY CONDUCT            PRL CONS:    00/00/0000 EDUCAT LEV: 14
      Bus Squad #4
WL/PGM:                      Hamden    PRIM OCCUP: UNEMPLOYED
                             Decatur Work Release                         Comm.
SAK CONVERTED INSTITUTION:                       RECOMMENDED CUSTODY:
JUSTIFICATION: APR - Repeat offender serving 15 years for UBEV, Ill. Poss/Fraud Use-
Credit, TOP II, and RSP II.  Subject was sentenced on above referenced pending detainer,
i.e., Receiving Stolen Property II subject is now serving on.  Subject made parole in
CA Parole #J21118 on 08/27/2002.  No detainers, known enemies, or sex crimes.  Psych.
at intake 08/2002, made no mental health recommandations.  Due to resolution of detainer,
and subject has worked minimum-out custody at LCF for six months, recommend community
placement at Decatur Work Release.


I CERTIFY ENEMY LIST WAS REVIEWED AND UPDATED:  N/A SCAN/03          APP. 94
_____  _____  _____  _____
CLASSIFICATION SPECIALIST            DATE 3/  WARDEN OR DESIGNEE    DATE

_____  _____  _____  _____
PSYCHOLOGIST/PSYCHOLOGIST'S ASSOC.   DATE     CLASSIFICATION COORDINATOR DATE

                     CENTRAL REVIEW BOARD ACTION

___ APPROVED  ___ DENIED; DIVERTED TO: _____   REASONS: _____

_____

                                              CRB MEMBER          DATE

___ APPROVED  ___ DENIED; DIVERTED TO: _____   REASONS: _____

_____

                                              CRB MEMBER          DATE

___ APPROVED  ___ DENIED; DIVERTED TO: _____   REASONS: _____

_____

                                              CRB MEMBER          DATE

FINAL DECISION: INST _____  CUSTODY _____  DATE _____   X _____
DATE INMATE INFORMED: 7/17/03      INMATE'S SIGNATURE: DNA - 07/31/2002 at 8:05Y
Religious preference - Jenovah's witness         Physical limitations -
                                                 Marketable skills -
TAB - 03/2003, minimum, SL II                    State Driver's License -

                          * ExhrbrT-B *                    9-18-03

Appeal

ALABAMA DEPARTMENT OF CORRECTIONS — PROGRESS REVIEW FORM — DECEMBER 30, 2004
(COU122)

AIS #: 00222646    SSN: 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    RACE/SEX: B/M    DATE OF BIRTH:
NAME: LUCAS, CHRISTOPHER    CUSTODY: MIN2    SECURITY LEVEL:
INST: LIMESTONE CORRECTIONAL CENTE    TIME SRVD: 02/04M2?    LAST DISC: 11/05/2004
CRME: RECV STOLEN PROPERTY II    MIN REL DT: 02/34/2007    ACTIVE DET:

INST: DISORDERLY CONDUCT    PRL CONS: 05/01/2005

WL/PGM: Bull Squad 22 1100-4   PRIM OCCUP: UNEMPLOYED

RECOMMENDED INSTITUTION: Work Release (Alm/W  )   RECOMMENDED CUSTODY:

JUSTIFICATION: To this date Lucas has served a total of 2 years 4 months
and 27 days with 2 negative reports d.  He is serving 15 years on one
case of POP II, Receiving Stolen PropertyII? Unlawful B&E V and III. Poss.
Fraud.use of credit card.   According to California Pardon and Parole
Lucas has completed all of his California Cases.  He was discharged from
California parole.  The Baton Rouge Louisana Circuit Court was
contacted and that could not find any cases pending.   Prior Burglary I
charges in Corona, California sentenced 6/4/90 to serve 2 years.  He
completed that sentence.  He was convicted in Pasadena, California

I CERTIFY ENEMY LIST WAS REVIEWED AND UPDATED.                    APPROVAL:

_____  12/34/04    _____
CLASSIFICATION SPECIALIST    DATE    WARDEN OR DESIGNEE    DATE

_____  12/30/05
PSYCHOLOGIST/PSYCHOLOGIST'S ASSOC.  DATE    CLASSIFICATION COORDINATOR  DATE

CENTRAL REVIEW BOARD ACTION

✓ APPROVED ___ DENIED ___ DIVERTED TO: _____    REASONS: _____
                                                            9/28/04
_____ APPROVED ___ DENIED ___ DIVERTED TO: _____    CRB MEMBER    DATE

✓ APPROVED ___ DENIED ___ DIVERTED TO: _____    REASONS: _____
                                                    CRB MEMBER    DATE

___ APPROVED ___ DENIED ___ DIVERTED TO: _____    REASONS: _____

                                                    CRB MEMBER    DATE

FINAL DECISION: INST _____ CUSTODY _____ DATE 2/1/05

DATE INMATE INFORMED: _____ INMATE'S SIGNATURE: _____

Last Cls delivered
denied WL Inmate
Furnished
copy
8/6/04

*EXHIBIT*
E

```
                          STATE OF ALABAMA                        INMACP
                      DEPARTMENT OF CORRECTIONS
                           DECATUR CBF


             TRANSACTION INFORMATION BY AIS# FROM MAR. 01, 2005 THRU APR. 14, 2005


  AIS#: 222646          NAME: LUCAS, CHRISTOPHER        BED NBR:            PMOD BALANCE:    $100.00
```

| : OF ISACTION | PREVIOUS BALANCE | NAME OF PAYEE OR SENDER | TRANS. NUMBER | TYPE OF TRANSACTION | TRANSACTION AMOUNT | C. O. P. DEDUCTED | CURRENT BALANCE |
|---|---|---|---|---|---|---|---|
| 03/2005 | $ 23.28 | | 2005007890 | TRANSPORTATION | $ 10.00 | N/A | $ 13.28 |
| 07/2005 | $ 13.28 | INST. TRANSFER | 2005004361 | MISC RECEIPTS | $ 85.64 | $ .00 | $ 98.92 |
| 07/2005 | $ 98.92 | LONEWOLF TRAILE | 2005004417 | W/R PAYROLLS | $ 124.51 | $ .00 | $ 223.43 |
| 08/2005 | $ 223.43 | | 2005008133 | TRANSPORTATION | $ 30.00 | N/A | $ 193.43 |
| 4/2005 | $ 193.43 | LONEWOLF TRAILE | 2005004658 | W/R PAYROLLS | $ 136.68 | $ .00 | $ 330.11 |
| 4/2005 | $ 330.11 | THE INMATE | 2005008506 | MISC WITHDRAWAL | $ 60.00 | N/A | $ 270.11 |
| 5/2005 | $ 270.11 | THE INMATE | 2005008708 | MISC WITHDRAWAL | $ 30.00 | N/A | $ 240.11 |
| 5/2005 | $ 240.11 | | 2005008869 | TRANSPORTATION | $ 30.00 | N/A | $ 210.11 |
| 1/2005 | $ 210.11 | LONEWOLF | 2005004861 | W/R PAYROLLS | $ 95.35 | $ 31.78 | $ 305.46 |
| 1/2005 | $ 305.46 | THE INMATE | 2005009043 | MISC WITHDRAWAL | $ 60.00- | N/A | $ 365.46 |
| 1/2005 | $ 365.46 | | 2005009167 | TRANSPORTATION | $ 30.00 | N/A | $ 335.46 |
| 4/2005 | $ 335.46 | DELAOIN | 2005004996 | W/R PAYROLLS | $ 16.20 | $ 5.40 | $ 351.66 |
| 8/2005 | $ 351.66 | LONEWOLF | 2005005073 | W/R PAYROLLS | $ 21.29 | $ 7.10 | $ 372.95 |
| 9/2005 | $ 372.95 | U S POSTOFFICE | 2005009646 | MISC WITHDRAWAL | $ 50.33 | N/A | $ 322.62 |
| 1/2005 | $ 44.28 | CASE #0002-000535 | 2005009791 | C.O.P. DISB.-01 | $ 44.28 | N/A | $ .00 X |
| 5/2005 | $ 322.62 | VENTRESS CF | 2005009982 | MISC WITHDRAWAL | $ 222.62 | N/A | $ 100.00 |

```
                                            TOTALS:      $ 926.90    $ 44.28


              LAST PAGE:   1          X = C.O.P. ESCROW    * = ERROR IN BALANCES
```

CBR202

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
CENTRAL RECORDS DIVISION
301 SOUTH RIPLEY STREET
MONTGOMERY, AL 36104
17 MAR 2005



TO: BATON ROUGE P.D.
    P.O. BOX 2406
    BATON ROUGE        LA 70821

RE:    LUCAS, CHRISTOPHER
AIS NO: 00222646        CASE NUMBER : 126703-01
R&S:    BM    DOB: 22 MAY 1967
CHARGE(S): FELONY THEFT

DEAR SIR:

    AS YOU HAVE REQUESTED WE HAVE PLACED A HOLDOVER AGAINST SUBJECT AND WILL
NOTIFY YOUR OFFICE APPROXIMATELY THIRTY (30) DAYS BEFORE DATE OF HIS RELEASE
SO YOU MAY ARRANGE TO TAKE CUSTODY.

    BY COPY OF THIS NOTIFICATION, THE WARDEN HAVING PHYSICAL CUSTODY OF THE
INMATE IS INSTRUCTED TO INFORM THE INMATE OF THE SOURCE AND CONTENT OF YOUR
DETAINER, AND TO GIVE SUBJECT A COPY ATTACHED. ADDITIONALLY, THE WARDEN HAS
BEEN INSTRUCTED TO ADVISE THE INMATE THAT HE  MAY REQUEST FINAL DISPOSITION
OF ANY UNTRIED INDICTMENT, INFORMATION, OR COMPLAINT, BY WRITING THE COURT
AND DISTRICT ATTORNEY WHERE THESE CHARGES ARE PENDING. IF CHARGES AGAINST
THIS SUBJECT ARE WITHDRAWN PRIOR TO THE EXPIRATION OF HIS PENITENTIARY SENT-
ENCE, REQUEST YOU ADVISE THIS OFFICE.

CURRENT SHORT TIME RELEASE DATE IS: 19 FEB 2007
PAROLE HEARING SETUP DATE IS: MAY 2005

ADDITIONAL DETAINERS CURRENTLY IN EFFECT ARE:
AGENCY                      OFFENSE                         DATE
------                      -------                         ----
1. JEFFERSON COUNTY S.O.    RECV STOLEN PROPERTY II    08/05/2002

Name: Christopher Lucas

IS#: 222646

Custody: Minimum

Institution: VCF

____ Officers: Larry Thomas (a)
                Ventress C.F.
Date: 01 April 05

                    VERY TRULY YOURS,

                    KATHY HOLT
                    INMATE RECORDS ADMINISTRATION

                    BY: _____
                    DETAINER CLERK

CC: WARDEN/DIR/SUPT: TRANSFER CATEGORY
    PAROLE BOARD, 1400 LLOYD STREET, MONTGOMERY, AL., 36130-1501
    INMATE CENTRAL FILE

                            * EXHIBIT -"F" *

To  MS. KATHY HOLT                                DATE: MARCH 25, 2005
    CENTRAL RECORDS DIVISION
    Alabama DEPT. OF CORRECTIONS  -
    1400 Lloyd STREET
    MONTGOMERY, ALABAMA. 36130

                                        CASE NO: 126703-01
                                        CHARGE: FELONY THEFT
                                        RECIEVING STATE LOUISANA

FROM: CHRISTOPHER LUCAS
      #222646 / DORM 9-A
      VENTRESS CORR. FACILITY
      P.O. Box 767
      CLAYTON, AlA. 36016

        ------------------------------------------------

           NOTICE OF REQUEST FILING FINAL DISPOSITION

    MS. KATHY Holt (APPROPRIATE AUTHORITY)

        ENCLOSED YOU WILL FIND, INCLUDING MY CONSENT FOR WAIVER OF
EXTRADITION, MY REQUEST FOR FINAL DISPOSITION OF All UNTRIED INDICTMENTS,
INFORMATIONS, AND/OR COMPLAINTS PENDING IN THE AFOREMENTIONED STATE.

        I, CHRISTOPHER LUCAS, A.I.S. #222646, do HEREBY REQUEST THAT FINAL
DISPOSITION BE INITIATED BY THE ABOVE LISTED AUTHORITY. I ALSO CONSENT TO
WAIVER OF EXTRADITION, TO BE TRANSPORTED TO THE RECIEVING STATE TO ANSWER
TO AND BE BROUGHT FOR, TO FACE THE OUTSTANDING ALLEGATIONS AND/OR CHARGES
LISTED ABOVE.

               CERTIFICATE OF SERVICE

        I HEREBY CERTIFY THAT CENTRAL RECORDS DEPARTMENT OF THE Alabama
DEPARTMENT OF CORRECTIONS HAS BEEN PROVIDED, BY PRE-PAID U.S. POSTAL SERVICE,
ONE COPY OF THIS NOTICE OF REQUEST TO INITIATE FINAL DISPOSITION FOR THE ABOVE
LISTED OUTSTANDING INDICTMENT, INFORMATION, OR COMPLAINT.

Carolyn R. Abercrombie          PETITIONER: Christopher Lucas
                                            CHRISTOPHER LUCAS
My Commission Expires August 18, 2007              (1)

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR BATON ROUGE LOUISANA

CHRISTOPHER LUCAS
    PETITIONER.

VS.

STATE OF LOUISANA
    RESPONDANT.

CASE NO: 126703-01

CHARGE : FELONY THEFT

RECIEVING STATE : LOUISANA

## MOTION TO QUASH AND DISMISS

COMES NOW THE PETITIONER CHRISTOPHER LUCAS, PRO-SE, PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY. PETITIONER HEREIN RESPECTFULLY MOVES THIS HONORABLE COURT OF BATON ROUGE, LOUISANA, FOR AN ORDER QUASHING AND DISMISSING THE ABOVE REFERRED TO OUTSTANDING WARRANT/DETAINER FOR REASONS AS FOLLOWS :

(1) THE PETITIONER CHRISTOPHER LUCAS WAS ARRESTED ON DECEMBER 21, 2001 IN THE STATE OF ALABAMA, AND HAS REMAINED INCARCERATED UNTIL CURRENT DATE.

(2) UPON ENTERING INTO THE ALABAMA DEPARTMENT OF CORRECTIONS FROM THE COUNTY JAIL AND ATTENDING A CLASSIFICATION INTERVIEW, A NATIONAL CRIME INFORMATION CENTER "N.C.I.C." CHECK WAS PERFORMED, WHERE NO AVAILIBILITY OF DETAINER FROM LOUISANA WAS DISCOVERED. SEE ATTACHED EXHIBIT-"A".

(3) ON 8-27-02 THE PETITIONER CHRISTOPHER LUCAS WAS RELEASED FROM THE SUPERVISION OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, PAROLE COMMISSION. UPON APPROVAL OF SAID RELEASE THE DEPARTMENT REQUIRES THAT AN "N.C.I.C." SEARCH FOR OUTSTANDING WARRANTS AND/OR DETAINER'S BE DEPLOYED. AGAIN, NO CONFIRMATION OF ANY OUTSTANDING INDICTMENT, INFORMATION, OR COMPLAINT'S WERE LODGED BY LOUISANA ON THIS DATE. SEE ATTACHED - CERTIFICATE OF DISCHARGE - EXHIBIT "B".

(4) ON FEBRUARY 18, 2003 UPON REVIEW FOR CLASSIFICATION AND/OR CUSTODY LEVEL DECREASE BY THE ALABAMA DEPARTMENT OF CORRECTIONS, ANOTHER "N.C.I.C." WAS PERFORMED AND THE RESULT BEING, "SUBJECT HAS NO DETAINER'S". SEE ATTACHED - PROGRESS REVIEW FORM - EXHIBIT "C".

(5) ON SEPTEMBER 11, 2003 DURING ANOTHER PROGRESS REVIEW, INITIATED YET ANOTHER "N.C.I.C." WAS AGAIN PERFORMED, IN WHICH NO DETAINER'S SURFACED. SEE ATTACHED - PROGRESS REVIEW FORM - EXHIBIT "D".

(6) ON DECEMBER 30, 2004, UPON PETITIONER'S FINAL PROGRESS REVIEW LOUISANA, BATON ROUGE SPECIFICALLY, WAS CONTACTED IN INQUIRY OF ANY OUTSTANDING CHARGES / CASES. BATON ROUGE, LOUISANA RESPONDED TO SAID CONTACT WITH, "NO CASES PENDING". SEE ATTACHED - PROGRESS REVIEW FORM - EXHIBIT - "E".

(7) ON MARCH 17, 2005, WHILE EXERCISING HIS MINIMUM CUSTODY, WORKING FOR AN INDEPENDENT EMPLOYER, AND RESIDING AT A COMMUNITY BASED REHABILITATION PROGRAM, A DETAINER / HOLD WAS PLACED ON THE PETITIONER BY BATON ROUGE LOUISANA. THEREFORE, ALL PRIVILEGES, CUSTODY LEVEL, JOB, EVERYTHING THE PETITIONER WAS, AND HAD, WORKED SO DILIGENTLY TO ACQUIRE OVER THE LAST THREE AND ONE HALF (3½) YEARS WAS ABRUPTLY TAKEN AWAY WITHOUT PRIOR WARNING OR NOTIFICATION. SEE ATTACHED - EXHIBIT "F".

(8) PURSUANT TO THE STATE CONSTITUTIONAL AND SPEEDY TRIAL PROVISION LOUISIANA CODE OF CRIMINAL PROCEDURE ANNOTATED ARTICLE 701 (WEST) (1967), AND LOUISIANA CONSTITUTION, ARTICLE.I.§9.

And

(9) PURSUANT TO THE UNIFORM CRIMINAL EXTRADITION ACT, LOUISIANA COURTS OF CRIMINAL PROCEDURE, ARTICLES 261 TO 280.

PETITIONER HEREBY ASSERTS THAT SINCE THE TIME OF HIS ARREST ON DECEMBER 21, 2001, UNTIL MARCH 17, 2005, A TOTAL OF THREE (3) YEARS AND FOUR (4) MONTHS HE HAS DILIGENTLY, WITH RESPECT TO ALL LAWS AND RULES OF AUTHORITY, WORKED TOWARD THE EFFECTUATION OF THE POSITION IN WHICH HE HAD OBTAINED AT THE TIME IN WHICH THE DETAINER/HOLD WAS PLACED BY SAID REQUESTING STATE.

NUMEROUS SEARCHES AND/OR CHECKS HAVE BEEN FORMALLY PLACED THROUGHOUT HIS INCARCERATION, THROUGH "NATIONAL CRIME INFORMATION CENTER" VIA ALABAMA DEPARTMENT OF CORRECTIONS CLASSIFICATION OFFICE AND CENTRAL RECORDS DIVISION.

EXHIBITS "A" THROUGH "F" OF PETITIONER'S MOTION IS NOT ONLY IN PREPONDERANCE OF PRIMA FACIA EVIDENCE OF GROSS NEGLIGENCE, BUT IS ALSO UNEQUIVOCALLY INCONSISTANT WITH THE FUNDAMENTAL PRINCIPLES OF LIBERTY AND JUSTICE TO REQUIRE A LEGAL SENTENCE TO BE SERVED AFTER SUCH INACTION.

SUCH CONDUCT BY THE OFFICIALS OF REQUESTING JURISDICTION AND LACK OF INTEREST IN WHICH THEY HAVE PROJECTED BY NEGLECTING TO ADHERE TO SAID POLICIES OF THE CONTRACTING STATES, HAS SEVERLY AND IRREVERSIBLY VIOLATED PETITIONER'S RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF LAW.

THE UNITED STATES CONSTITUTION, AMENDMENT VI, AND AMENDMENT XIV, GURANTEES THESE RIGHTS THEREFORE GOVERNING SUCH.

THEREFORE, THE RULES AND REGULATIONS STIPULATED BY THE ABOVE WERE NOT ADHERED TO AND/OR WERE VIOLATED AND THE PETITIONER WAS DENIED THE EQUAL PROTECTION OF THE SUBSTANDARD ASPECTS OF DUE PROCESS OF LAW GOVERNING SUCH DUTIES AND RESPONSIBILITIES BY THE AUTHORITIES OF YOUR STATE. WHICH, IF PROPERLY ACKNOWLEDGED AND ENTERTAINED, SHOULD BE SUBSTANTIAL GROUNDS FOR SAID DETAINER QUASHED AND DISMISSED.

THE PETITIONER HAS BEEN, AND IS BEING HARMED ILLEGALLY AND UNJUSTIFIABLY IN THAT HAD THE JUDICIAL PROCESS AND/OR PROCEDURE BEEN PURSUED WHEN AND IF THE ALLEGED CRIME SUPPOSEDLY HAPPENED, THE MATTER WOULD HAVE BEEN LONG RESOLVED AND THE PETITIONER WOULD NOT BE BEING DEPRIVED OF THE HARD EARNED PRIVILIGES THAT HE WAS BEING PROVIDED BEFORE SAID DETAINER AROSE.

BECAUSE OF SUCH NEGLIGENCE AND DEPRIVATION THE PETITIONER NOW MOVES THIS HONORABLE COURT FOR AN ORDER QUASHING AND/OR DISMISSING SAID DETAINER WITH PREJUDICE.

### SWORN OATH

I CHRISTOPHER LUCAS, DO HEREBY, SWEAR/AFFIRM, UNDER THE PENALTIES OF PERJURY, THAT THE FACTS STATED HEREIN ARE TRUE & CORRECT.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE & CORRECT COPY OF THE FOREGOING HAS BEEN FORWARDED BY PRE-PAID "CERTIFIED" MAIL TO THE FOLLOWING:

BATON ROUGE CIRCUIT COURT CENTRAL OFFICE
1600 3RD STREET, BATON ROUGE, LOUISIANA
70802

NOTARY: Carolyn R. Abercrombie DONE THIS 6th 4th DAY OF April 2005.

My Commission Expires August 18, 2007    PETITIONER: _Christopher Lucas_
CHRISTOPHER LUCAS

(4)

IN THE COURT OF APPEAL, FIRST CIRCUIT
IN AND FOR BATON ROUGE LOUISIANA

CHRISTOPHER LUCAS

VS

STATE OF LOUISIANA

CASE NO: 20005KW0794
RE: UNKNOWN. NO.
1267030 1

## COURT NOTIFICATION OF PAROLE HEARING

PETITIONER IN ABOVE ENTITLED MATTER COMES BEFORE THIS COURT ON A NOW ENCUMBERED LIBERTY INTEREST. SAID LIBERTY, WORK RELEASE, CUSTODY LEVEL, AND ALL RELATED PRIVILEDGES ARE AND HAVE BEEN VIOLATED AND RETRACTED. UPON PETITIONER'S RELEASE FROM THE ALABAMA DEPARTMENT OF CORRECTIONS (2-14-05) INTO THE WORK RELEASE PROGRAM, PETITIONER WAS EMPLOYED WITH LONEWOLF TRAILER CO. IN FAULKVILLE, ALABAMA WHEN SAID EMPLOYMENT AND ALL PRIVILEDGES WAS ABRUPTLY TAKEN AS A RESULT OF THIS MATTER. SUCH ACTIONS ARE FURTHER EXACERBATED BY PETITIONER'S UPCOMING PAROLE HEARING 6-15-05.
* SEE ATTACHED AS EXHIBIT A *
IMMEDIATE RECTIFICATION OF THIS

1 of 2

MATTER IS HEREBY REQUESTED TO AVOID ANY
FUTURE ENSUANCE OF FINANCIAL LIABILITY
IN REGARDS TO.

## SWORN OATH

I, CHRISTOPHER LUCAS, do HEREBY SWEAR/
AFFIRM, UNDER PENALTIES OF PERJURY, THAT
THE FACTS CONTAINED HEREIN ARE TRUE AND
CORRECT.

AFFIANT: _Christopher Lucas_
CHRISTOPHER LUCAS

– – – – – – – – – – – – – – – – – – – – – – –

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT ORIGINAL
AND ONE (1) COPY HAS BEEN FORWARDED/PROVIDED
by UNITED STATES PRE-PAID POSTAL SERVICE TO THE
FOLLOWING:

COURT OF APPEAL, FIRST CIRCUIT
P.O. BOX 4408
BATON ROUGE, LA  70821-4408

PETITIONER HEREBY REQUEST SAID CLERK
TO PROMPTLY FORWARD COPY TO REQUIRED
APPROPIATE PROSECUTING AUTHORITIES.

2 of 2

NOTARY: Carolyn R. Abercrombie DONE THIS
20th DAY OF May 2005.
COMMISSION EXPIRATION DATE: My Commission Expires August 18, 2007

PETITIONER: Christ Lucas
CHRISTOPHER LUCAS
222646
VENTRESS CORR. FACILITY
P. O. BOX 767
CLAYTON, ALABAMA
36016 - 0767

✳ EXHIBIT A ✳

2 of 2

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
LURLEEN B. WALLACE BUILDING
500 MONROE STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
OFFICE (334) 353 - 7380
05-11-2005

CHRISTOPHER LUCAS
222646
VENTRESS CORRECTIONAL CEN
P O BOX 767
CLAYTON  AL   36016

DEAR MR LUCAS

THE BOARD OF PARDONS AND PAROLES WILL CONSIDER YOU FOR PAROLE
IN AN OPEN PUBLIC MEETING AT 500 MONROE STREET, MONTGOMERY,
ALABAMA ON  06-15-2005.  NUMBERED SIGN-IN SHEETS ARE AVAILABLE
WHEN THE DOOR OPENS AT 7:30 A.M.  SIGN-IN SHEETS WILL BE COLLECTED
IN THE WAITING ROOM BEGINNING AT 7:30 A.M.  BEGINNING AT 9:00 A.M.
CASES WILL BE HEARD IN ORDER OF REGISTRATION UNLESS SPECIAL
CIRCUMSTANCES EXIST. BOARD DECISIONS WILL BE RELEASED UPON
COMPLETION OF THE HEARING TO THOSE PRESENT, AND WILL BE AVAILABLE
BY TELEPHONE THE FOLLOWING FRIDAY AFTERNOON.

NOTE:  IF A SPECIAL ACCOMMODATION FOR A DISABILITY IS NEEDED
FOR YOUR REPRESENTATIVE TO PARTICIPATE IN THIS HEARING,
PLEASE CALL OUR AMERICANS WITH DISABILITIES ACT COORDINATOR
AT 334-353-7380.

*EXHIBIT A*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR BATON RAUGE, LOUISIANA.

CHRISTOPHER LUCAS
    PETITIONER

VS.

STATE OF LOUISIANA
    RESPONDANT

CASE NO: 126703-01
CHARGE: FELONY THEFT
STATE: LOUISIANA

## DEFENDANTS WRITTEN REQUEST FOR SPEEDY TRIAL

COMES NOW THE DEFENDANT, CHRISTOPHER LUCAS, PRO-SE, PURSUANT TO THE APPROPRIATE RULE(S) AND AUTHORITY, LOUISIANA CODE OF CRIMINAL PROCEDURE ANNOTATED, ARTICLE 701 (WEST) (1967), STATE OF LOUISIANA, CONSTITUTION, ARTICLE I, §9, AND THE UNITED STATES CONSTITUTION, AMENDMENT VI, AMENDMENT XIV, AND HEREBY REQUESTS THIS HONORABLE COURT TO ACCEPT HIS NOT GUILTY PLEA, AND SET THE ABOVE CAPTIONED CASE FOR A SPEEDY TRIAL.

    IN SUPPORT THEREOF, THE DEFENDANT STATES THE FOLLOWING:

(1)  THE DEFENDANT IS NOT GUILTY OF THE CHARGES CONTAINED IN THE INDICTMENT.

(2)  THE DEFENDANT IS, AND HAS BEEN INCARCERATED IN THE ALABAMA DEPT. OF CORRECTIONS SINCE DECEMBER 21, 2001.

(3)  LOUISIANA AUTHORITIES HAVE BEEN AWARE OF DEFENDANT'S WHEREABOUTS SINCE HIS TIME OF ARREST.

(4)  DEFENDANT OBJECTS TO ANY/ALL CONTINUANCES IN REFERENCE TO THE ABOVE REFERRED TO CASE.

### SWORN OATH

    I, CHRISTOPHER LUCAS, DO HEREBY SWEAR/AFFIRM UNDER PENALTIES OF PERJURY, THE FACTS IN THE FOREGOING ARE TRUE AND CORRECT.

*Christopher Lucas*

                AFFIANT.

(1)

## CERTIFICATE OF SERVICE

I, CHRISTOPHER LUCAS, HEREBY CERTIFY THAT A TRUE AND CORRECT DOCUMENT HAS BEEN FORWARDED BY PRE-PAID U.S. POSTAL SERVICE TO THE FOLLOWING:

(1) CLERK OF CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, BATON ROUGE CIRCUIT COURT CENTRAL OFFICE, 1600 3RD STREET, BATON ROUGE, LOUISIANA. 70802

(2) A TRUE AND CORRECT COPY MAILED TO SAME TO BE FORWARDED BY SAID CLERK TO THE OFFICE OF THE STATE ATTORNEY FOR NOTIFICATION PURPOSES.

SAID STATE ATTORNEY'S ADDRESS UNAVAILABLE AND UNKNOWN TO THE PETITIONER.

### * NOTARY *

Carolyn R. AbercrombiDONE THIS 14th DAY OF APRIL 2005.

COMMISSION EXPIRATION DATE    My Commission Expires August 18, 2007

PETITIONER: Christoph Lucas

CHRISTOPHER LUCAS
#222646 / DORM 9-A-45-B
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON, ALABAMA. 36016-0767



Office Of The Clerk
# Court of Appeal, First Circuit
### State of Louisiana
www.la-fcca.org

**Christine L. Crow**
**Clerk of Court**

**Post Office Box 4408**
**Baton Rouge, LA**
**70821-4408**
**(225) 382-3000**

**Notice of Writ**

April 21, 2005

2005-KW-0794

State Of Louisiana
  Versus
Christopher Lucas

TO:    Christopher  Lucas
       P.O. Box 767
       Clayton, Al 36016

Re: Unknown, No. 12670301, ""

The application for writs by **Christopher Lucas** in the matter entitled and bearing the Court of Appeal Docket number as shown above in which you are listed as counsel of record has been received and filed.

Cordially yours,

CHRISTINE L. CROW
CLERK OF COURT

cc:

SUPPLEMENT

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR BATON ROUGE LOUISIANA

COURT OF APPEAL FIRST CIRCUIT
FILED
APR 2 9 2005

_____
CLERK

| | |
|---|---|
| CHRISTOPHER LUCAS<br>PETITIONER. | * COURT OF APPEAL, FIRST CIRCUIT *<br>CASE NO: 20005 KWO 794 |
| VS. | CASE NO: 126703-01<br>CHARGE: FELONY THEFT |
| STATE OF LOUISIANA | RECEIVING STATE: LOUISIANA |

* AMENDED *

MOTION TO QUASH AND DISMISS

COMES NOW THE PETITIONER, CHRISTOPHER LUCAS, PRO-SE, PURSUANT TO THE APPROPRIATE RULE AND AUTHORITY AND HEREBY SUBMITS THIS MOTION TO AMEND TO HIS PREVIOUSLY SUBMITTED MOTION TO QUASH AND DISMISS. PETITIONER HEREIN RESPECTFULLY MOVES THIS HONORABLE COURT OF BATON ROUGE, LOUISIANA, FOR AN ORDER QUASHING AND/OR DISMISSING THE ABOVE REFERRED TO OUTSTANDING WARRANT/DETAINER FOR REASONS AS FOLLOWS:

(1) THE PETITIONER, CHRISTOPHER LUCAS, WAS ARRESTED ON DECEMBER 21, 2001 IN THE STATE OF ALABAMA, AND HAS REMAINED INCARCERATED UNTIL CURRENT DATE.

(2) UPON ENTERING INTO THE ALABAMA DEPARTMENT OF CORRECTIONS FROM THE COUNTY JAIL AND UPON ATTENDING A CLASSIFICATION INTERVIEW AN "N.C.I.C.", NATIONAL CRIME INFORMATION CENTER CHECK WAS EXECUTED IN REGARDS TO ANY OUTSTANDING WARRANTS/DETAINERS, WHERE NO AVAILIBILITY OF DETAINERS WERE DISCOVERED IN AND FOR LOUISIANA. * SEE ATTACHED EXHIBIT "A" *

(3) ON 8/27/02 THE PETITIONER CHRISTOPHER LUCAS WAS RELEASED FROM SUPERVISION OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS (PAROLE COMMISSION). UPON APPROVAL OF SAID RELEASE THE DEPARTMENT REQUIRES THAT AN "N.C.I.C." SEARCH FOR OUTSTANDING WARRANTS AND/OR DETAINERS BE DEPLOYED. AGAIN, NO CONFIRMATION OF ANY OUTSTANDING INDICTMENTS, INFORMATIONS, OR COMPLAINTS WERE LODGED BY LOUISIANA ON THIS DATE. * SEE ATTACHED CERTIFICATE OF DISCHARGE EXHIBIT "B" *

(1)

(4) ON FEBRUARY 18, 2003, UPON REVIEW FOR CLASSIFICATION AND/OR CUSTODY LEVEL DECREASE BY THE ALABAMA DEPT OF CORRECTIONS, YET ANOTHER "N.C.I.C. WAS PERFORMED AND THAT RESULT BEING, "SUBJECT HAS NO DETAINERS". * SEE ATTACHED PROGRESS REVIEW FORM EXHIBIT "C". *

(5) ON SEPTEMBER 11, 2003, DURING ANOTHER PROGRESS REVIEW A FOURTH (4) NATIONAL CHECK WAS EXECUTED IN WHICH NO DETAINERS SURFACED. * SEE ATTACHED PROGRESS REVIEW FORM EXHIBIT "D". *

(6) ON DECEMBER 30, 2004, UPON PETITIONER'S FINAL PROGRESS REVIEW, A SPECIFIC CHECK TO BATON ROUGE, LOUISIANA WAS INITIATED BY THE ALABAMA DEPARTMENT OF CORRECTIONS. BATON ROUGE RESPONDED TO SAID INQUIRY WITH "NO CASES PENDING". * SEE ATTACHED PROGRESS REVIEW FORM EXHIBIT "E". *

(7) ON MARCH 17, 2005, WHILE EXERCISING HIS MINIMUM CUSTODY, WORKING FOR AN INDEPENDANT EMPLOYER, AND RESIDING AT A COMMUNITY BASED REHABILITATION PROGRAM, A DETAINER/HOLD WAS PLACED ON THE PETITIONER BY BATON ROUGE, LOUISIANA. THEREFORE, ALL PRIVILEGES, CUSTODY LEVEL, JOB, EVERYTHING IN WHICH HE HAD WORKED SO DILIGENTLY TO ACQUIRE OVER THE LAST THREE AND ONE HALF (3½) YEARS OF INCARCERATION WAS ABRUPTLY TAKEN AWAY WITHOUT PRIOR WARNING OR NOTIFICATION. * SEE ATTACHED EXHIBIT "F". *

PETITIONER HEREBY RELIES ON THE FOLLOWING PROVISIONS:

(1) THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA PROTECTING FROM OPPRESSIVE DELAY.

## AMENDMENT XIV, SECTION I

ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF, ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN IT'S JURISDICTION THE EQUAL PROTECTION OF THE LAWS.

* SEE * : KLOPFER V. NORTH CAROLINA, 386 U.S. 213, 87 S.CT. 988 (1967)

DICKEY V. FLORIDA, 398 U.S. 30, 90 S.CT. 1564 (1970)

THE Adverse Effect which Impairs THE Petitioner's Ability To Properly Prepare, Preserve, And Present Evidence In defense Is Being Severely Restrained due To The Prolonged delay. And Also Is In violation of Petitioner's Right To A Fast And Speedy Trial.

   ✱ State Constitutional And Speedy Trial Provision. ✱

(1) Louisiana Constitution, Article I § 9.

(2) Louisiana Code Crim. Proc. Ann. Art. 701 (West) (1967)

(3) Louisiana Courts of Criminal Procedure, Articles 261 To 280

(4) United States v. Lamasco, 431 u.s. At 79, 795-97 And N. 17.

(5) United States v. Marion, 404 u.s. 324-26

(6) Fontaine v. California, 390 u.s. 593, 595-96, 88 s.ct. 1229 (1968)

(7) Taylor v. United States, 238 F.2d.259 (D.C. Cir. 1956)

(8) United States v. Chase, 135 F. Supp. 230 (N.D. Ill. 1955)

   All Rules And Regulations Governing Such Are In Severe violation.

   Although THE Prosecuting Agency of THE Eleventh Judicial Circuit Was, And Has Been Aware of Petitioner's whereabouts And Place of Imprisonment, They Have Intentionally Neglected To Adhere To Said Provisions And for Regulations Governing Such.

   Such Evasion And Non-Affirmative Action(s) of Judicial Proceeding Not only Reflects "Actual Prejudice", It Also Reflects Judicial Misconduct And Malicious Prosecution Actions.

   ✱See✱: Escobedo v. Illinois, 378 u.s. 478, 485-86, 84 s.ct. 1758 (1962)

          United States v. Bouvera, Id. At 1120

          United States v. Marion, Supra 404 u.s. At 326

          United States v. Lavasco, 431 u.s. 789, 795-97 And N. 17

          Fontaine v. California, 390 u.s. 593, 595-96, 88 s.ct. 1229 (1968)

          Taylor v. United States, 238 F.2d. 259, (D.C. Cir. 1956)

          United States v. Chase, 135 F. Supp. 230 (N.D. Ill. 1955)

          United States v. Marion, 404 u.s. At. 324-26.

Due to the aggravated circumstances, and the four factors in which the Supreme Court has identified as prejudice to the Petitioner's defense, said detainer/hold should no longer be of any further force or effect.

    (1) The intentional delay.

    (2) The prejudice as to the defense due to the delay.

    (3) The prosecutions benefit by the delay.

    (4) The prosecutions reason for the delay.

Furthermore, the adverse effect that the delay has on Petitioner's prospect in regards to rehabilitation and/or reentry back into free society.

\*See\* ; e.g. <u>Moore v. Arizona</u>, 414 U.S. 25, 94 S.Ct. 188 (1973)

                   <u>Barker v. Wingo</u>, Supra, 407 U.S. at 533, 523, 530.

Wherefore, such rules and regulations governing these provisions have been severely violated. The Petitioner is, and has been, being denied his equal protection of the substandard aspects of the due process clause by said authorities. This alone is substantial grounds for dismissal.

Petitioner is being harmed illegally and unjustifiably in that, had judicial proceedings in said matter been initiated when the alleged indictment, information, or complaint was allegedly supposed to have happened, he would still be exercising privileges that he so diligently earned and would not be deprived of his liberty as he is now.

Due to the negligence and deprivation of Petitioner's constitutional due process and equal protection of law rights, the Petitioner now moves this honorable Court for an order quashing/dismissing said detainer/hold with prejudice as required by law.

<u>SWORN OATH</u>

I, CHRISTOPHER LUCAS, do HEREby SWEAR / AFFIRM, UNdER PENALTIES OF PERJURY, THAT THE FACTS CONTAINED HEREIN ARE TRUE ANd CORRECT.

AFFIANT: _Christopher Lucas_

CHRISTOPHER LUCAS

- - - - - - - - - - - - - - - - - - - - - - - - - -

<u>CERTIFICATE OF SERVICE</u>

I HEREby CERTIFY THAT A TRUE ANd CORRECT ORIGINAL ANd ONE (1) COPY HAS BEEN FORWARDED / PROVIDED BY UNITED STATES PRE-PAId POSTAL SERVICE TO THE FOLLOWING :

    (1) BATON ROUGE CIRCUIT COURT
       CENTRAL OFFICE
       1600 3Rd STREET
       BATON ROUGE, LOUISIANA. 70802

PETITIONER HEREby REQUESTS SAId CLERK TO PROMPTly FORWARD COPY TO THE REQUIRED APPROPRIATE PROSECUTING AUTHORITIE(S).

NOTARY: _Carolyn R. Abercrombie_ dONE THIS 27th DAY OF _April_ 2005.
COMMISSION EXPIRATION dATE : My Commission Expires August 18, 2007.

PETITIONER : _Christopher Lucas_

CHRISTOPHER LUCAS # 222646
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON, ALABAMA 36016-0767

(5)

Your Case Number 1's Baton- Baton Rouge Pol
    Rouge is 126703-01        P.O. Box 2406
E. Harris                    Baton Rouge, L
CLASSIFICATION SPECIALIST    4-29-05      7080
LCCF
28779 Nick Davis Rd.         I spoke w/ the
HARVEST, AL 35749            DA's office
                             They did not have
    DEAR MS. HARRIS          any cases, however, the
                             City Police did and
    PER OUR LAST CONVERSATION at that time they had
BEFORE MY TRANSFER TO DECATUR WORK the
RELEASE, YOU INFORMED ME THAT YOUR DTA's
PERSONAL CONTACT WITH BATON ROUGE, LA office
AUTHORITIES (CIRCUIT COURT) REVEALED NO
CASES PENDING. THIRTY DAYS INTO MY
EMPLOYMENT AT LONEWOLF TRAILER, OFFICER'S
REMOVED ME FROM MY JOB, PUT ME IN
SEGREGATION, AND TOLD ME I HAVE A
DETAINER IN BATON ROUGE, LA. SUBSEQUENTLY,
I WAS TRANSFERRED TO VENTRESS CORR.
FACILITY WHERE I REMAIN BAFFLED.
    CONSIDERING ALL THAT HAS TRANSPIRED,
DO YOU HAVE ANY SUGGESTIONS OR ADVISE?
I HAVE ENCLOSED A STAMPED ENVELOPE
FOR YOUR TIME AND CONVENIENCE.

    SINCERELY, Christopher Lucas
        CHRISTOPHER LUCAS 222446 9A
        P.O. BOX 767 CLAYTON A

Ms. Massie                                    6-25-05

IN RE: 2005-KW-0794 No.# 12670301
        CHARGE: FELONY THEFT
        FROM: BATON ROUGE, LA
        FILED: 3-17-2005

    I'VE BEEN RECENTLY INFORMED THAT THE
ABOVE DETAINER IS NO LONGER PENDING. YOUR
OFFICIAL VERIFICATION OF THIS IS GREATLY
APPRECIATED AS IT WAS THE SOLE CAUSE OF
MY REMOVAL FROM DECATUR COMMUNITY
BASED FACILITY AND SUBSEQUENT PLACEMENT
HERE AT VENTRESS. NOTICE OF YOUR FINDINGS
IS PERTINENT TO MY OBJECTIVE OF
RETURNING TO THE WORK RELEASE PROGRAM.
    THANK YOU FOR YOUR TIME IN THIS
MATTER.

                SINCERELY, Christopher Lucas
                    CHRISTOPHER LUCAS
6/27/05                 9A45    222646
    This information is still current on the
computer. Central Records Office must cancel
the info. when received from the agencies.
Custody consideration will be done at your semi-annual
review in October 2005.
                            Ms. Moore

JUL 1 2005

THE LAW LIBRARY OF LOUISIANA                6·20·06
400 ROYAL ST. 2ND FLOOR
NEW ORLEANS, LA 70130-2104

IN RE: CHRISTOPHER LUCAS
       WARRANT NO. 04-02-008
       19TH JUDICIAL DISTRICT
COURT, PARISH OF EAST BATON ROUGE

   DEAR SIR OR MAAM

   AS A PRO SE LITIGANT INCARCERATED
IN THE STATE OF ALABAMA, I'AM
WITHOUT DIRECTORY ASISTANCE TO
THE DISTRICT ATTORNEY AND COURT
CLERK'S MAILING ADDRESSES. COULD
YOU PLEASE FORWARD THE ABOVE
REQUESTED MATERIALS? THANK YOU!

        SINCERELY, Christopher Lucas
                   CHRISTOPHER LUCAS
                   222646 9A
                   P.O. BOX 767
                   CLAYTON, AL
                        36016

# In The District Court of The Nineteenth Judicial Circuit In The Parish of East Baton Rouge

CHRISTOPHER LUCAS
PETITIONER

VS.

STATE OF LOUISIANA
RESPONDANT

CASE NO: 126703-01
WARRANT NO: 04-02-008
CHARGE: FELONY THEFT
STATE: LOUISIANA

---

## Motion To Quash and Dismiss

Comes Now The Petitioner, Christopher Lucas, Pro-Se, Pursuant To The Appropriate Rule and Authority. Petitioner Herein Respectfully Moves This Honorable Court Of The Parish of East Baton Rouge, For An Order Quashing and Dismissing The Above Listed Warrant/Detainer For Reasons As Follows:

(1) Petitioner, Christopher Lucas, Was Arrested On December 21, 2001 In The State Of Alabama, and Has Remained Incarcerated To Current Date.

(2) Upon Entry Into The Department Of Corrections A National Crime Information Center Check Was Executed In Reference To Outstanding Warrants/Detainers, Where The Results Of Said Check Were Negative.
* See Attached: Exhibit-A *

(3) On August 27, 2002, California Department Of Corrections, Parole Commission, Relinquished Supervision Of Petitioner, and Upon Approval Of Release A Mandatory "N.C.I.C." Check Was Deployed, For Outstanding Warrants/Detainers. Again, Negative Confirmation On Any Outstanding Indictments, Informations, Or Complaints.
* See Attached: Exhibit-B *

(4) On February 18, 2003, Upon Review By Classification For Custody Level Decrease By The Alabama Department Of Corrections, Another National Check Was Performed With The Result Being, "Subject Has No Detainers".
* See Attached: Progress Review; Exhibit-C *

(1)

(5) ON SEPTEMBER 11, 2003, DURING ANOTHER PROGRESS REVIEW A FOURTH NATIONAL CHECK WAS EXECUTED, IN WHICH NO DETAINERS SURFACED.
 * SEE ATTACHED: PROGRESS REVIEW: EXHIBIT-D *

(6) ON DECEMBER 30, 2004, UPON PETITIONER'S FINAL REVIEW FOR RELEASE INTO SOCIETY AND WORK RELEASE STATUS, A SPECIFIC CHECK TO THE BATON ROUGE AUTHORITIES WAS INITIATED (UPON PETITIONER'S REQUEST). BATON ROUGE RESPONDED, AND SPECIFICALLY STIPULATED TO THE AUTHORITIES OF THE ALABAMA DEPARTMENT OF CORRECTIONS WITH, "NO CASES PENDING".
 * SEE ATTACHED: PROGRESS REVIEW: EXHIBIT E *

(7) ON MARCH 17, 2005, WHILE EXERCISING HIS MINIMUM CUSTODY, WHILE WORKING FOR AN INDEPENDANT EMPLOYER, AND RESIDING AT A COMMUNITY BASED WORK RELEASE CENTER, A DETAINER / WARRANT WAS INITIATED ON THE PETITIONER BY THE AUTHORITIES OF THE NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, LOUISIANA. THEREFORE, ALL PRIVILEGES CUSTODY LEVEL, JOB, FREEDOM, AND EVERYTHING PETITIONER HAD DILIGENTLY EARNED AND / OR ACQUIRED OVER THE LAST THREE AND ONE HALF (3½) YEARS OF INCARCERATION, WAS ABRUPTLY TAKEN AWAY WITHOUT PRIOR WARNING OR NOTIFICATION TO PETITIONER OR HIS FAMILY.
 * SEE ATTACHED: EXHIBIT F *

(8) ON MARCH 21ST, 2005, THE PETITIONER WAS RETURNED TO THE DEPARTMENT OF CORRECTIONS. (VENTRESS CORRECTIONAL FACILITY), TO BE SUBJECTED TO THE DAILY TREATMENTS AND / OR PUNISHMENTS OF "MEDIUM CUSTODY" PRISONER'S. THAT OF WHICH HE HAD SO DILIGENTLY WORKED TO OVERCOME UNTIL THIS NEWLY UNFOUNDED DETAINER WAS INITIATED BY THE 19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, LOUISIANA.

(9) ON MARCH, 2005 PETITIONER SUBMITTED, THROUGH THE PROPER AUTHORITIES OF CUSTODY AND PLACE OF IMPRISONMENT; A FINAL REQUEST FOR DISPOSITION PURSUANT TO THE "INTERSTATE AGREEMENT ON DETAINERS ACT" (I.A.D.A.), ARTICLE III (A) THROUGH (F) TO BE PROMPTLY FORWARDED TO THE APPROPRIATE AUTHORITY. THIS REQUEST BEING SUBMITTED UNDER THE FOLLOWING PROVISIONS:

 (A)   LOUISIANA SPEEDY TRIAL PROVISION: LA. CODE CRIM. PRO. ANN. ART. 701 (WEST) (1967).

(3) LOUISIANA CONSTITUTION : ARTICLE 1, § 9.

(4) UNITED STATES CONSTITUTIONAL AMENDMENT(S) : VI AND XIV.

(6) 18 U.S.C.S. § 3161 THROUGH 3162.

(10) ON APRIL 7, 2005, PETITIONER SUBMITTED A "MOTION TO QUASH AND DISMISS" TO THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR BATON ROUGE, LOUISIANA. THIS ERROR ON BEHALF OF PETITIONER WAS DUE TO THE NON-AVAILIBILITY OF PROPER LEGAL MATERIALS AND/OR CIRCUIT CLERK DIRECTORY ADDRESSES IN WHICH THIS FACILITY FAILS TO BE IN POSESSION OF.

(11) IN MID-APRIL, PETITIONER RECEIVED NOTIFICATION FROM "CHRISTINE L. CROW" CLERK OF COURT, THAT, AS OF APRIL 21, 2005, PETITIONER'S MOTION HAD BEEN FORWARDED TO THE "FIRST CIRCUIT" COURT OF APPEAL, AND HAD BEEN CONSTRUED AS A "NOTICE OF WRIT". PETITIONER WAS UNDER THE PRETENSE, AND/OR, LED TO BELIEVE, THAT HIS MOTION WAS PROPERLY FILED IN THE APPROPRIATED AUTHORITY OF JURISDICTION.

(12) ON JUNE 29, 2005, PETITIONER RECEIVED NOTIFICATION OF "WRIT DENIED" DUE TO THE IMPROPER FILING AND FAILURE OF THE LOWER COURT TO ACT ON A "PROPERLY" FILED PETITION.

THE NOTIFICATION FURTHER PROFESSED THAT : "IF RELATOR IS ATTEMPTING TO QUASH A WARRANT FOR FELONY THEFT ISSUED BY THE BATON ROUGE CITY POLICE DEPARTMENT. HE SHOULD FIRST FILE HIS PLEADINGS IN THE NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUSE."

(13) PETITIONER HEREBY CONTENDS THAT ALTHOUGH THE "MOTION TO QUASH AND DISMISS" WAS MISTAKENLY MAILED TO THE ELEVENTH JUDICIAL CIRCUIT OF BATON ROUGE INSTEAD OF THE NINETEENTH JUDICIAL CIRCUIT OF EAST BATON ROUSE. WOULD IT NOT HAVE BEEN JUST AS EASILY FORWARDED TO THE "PROPER" AUTHORITY BY THE ELEVENTH JUDICIAL CIRCUIT CLERK, AS TO FORWARD THE MOTION TO THE IMPROPER AUTHORITY OF THE "COURT OF APPEAL" FIRST CIRCUIT ?. AND, WOULD THIS ALSO NOT BE A "DUE PROCESS" VIOLATION IN ITSELF.

THE PREJUDICE OF THE CONTINUATION OF "DEPRIVATION OF LIBERTY", AND THE "DUE PROCESS VIOLATIONS" THAT PETITIONER IS BEING SUBJECTED TO, WHICH IS IN RELATION TO, AND /OR AFFILIATED WITH THE DENIAL OF DUE ACCESS TO THE COURTS VIOLATIONS, PROVOCATED BY THE NON-AVAILABILITY OF MATERIALS AND ADEQUATE MAILING ADDRESSES OF LOUISIANA COURTS BY THE INADEQUATE LAW LIBRARY AT VENTRESS CORRECTIONAL FACILITY, P.O. BOX 767, ELMORE, ALABAMA 36016-0767, AND THE IMPROPER FORWARDING OF PETITIONER'S MOTION BY THE ELEVENTH JUDICIAL DISTRICT CLERK OF COURT ONLY SUBSTANTIATES PETITIONER'S PREVIOUSLY FILED PETITION.

WHEREFORE, PETITIONER RESUBMITS HIS CONTINUED MOTION TO "QUASH AND DISMISS" TO THE NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, IN REQUEST OF IT BEING TIMELY EXPEDITED AS TO THE ORIGINAL FILING DATE OF APRIL 11, 2005, DUE TO THE DUE PROCESS, AND DEPRIVATION OF LIBERTY CAUSED BY THE EIGHTY (80) DAY LOSS OF TIME THAT PETITIONER HAS SUFFERED BY THIS JUDICIAL ERR.

PETITIONER ALSO RELIES ON THE FOLLOWING PROVISIONS AS THE BASES FOR HIS "MOTION TO QUASH AND DISMISS":

(1) THE DUE PROCESS CLAUSE OF THE FIFTH (5TH) AND FOURTEENTH (14TH) AMENDMENTS OF THE UNITED STATES CONSTITUTION, PROTECTING FROM ANY OPPRESSIVE DELAYS.

<u>AMENDMENT XIV, SECTION I.</u>

"ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF, ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES. NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS"

SINCE DECEMBER 21, 2001, NUMEROUS ENQUIRIES IN REFERENCE TO THE EXISTENCE OF ANY OUTSTANDING WARRANTS, HOLDS, OR DETAINERS WERE LODGED IN REGARDS TO THE PETITIONER, ONE IN SPECIFIC TO BATON ROUGE, LOUISIANA ON DECEMBER 30, 2004, ALL WITH NEGATIVE RESULTS. * SEE EXHIBITS: A THROUGH F. *

IN DETERMINING WHETHER DEFENDANT'S SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL HAS BEEN VIOLATED REQUIRES A CAREFUL BALANCING OF FOUR BARKER FACTORS: (1) THE LENGTH OF DELAY (2) THE REASON FOR DELAY (3) ASSERTION OF RIGHT, (4) AND THE PREJUDICE CAUSED TO THE DEFENDANT.

(1) AS TO THE LENGTH OF THE DELAY: AN APPROXIMATE THIRTY-NINE (39) MONTHS SURPASSED FROM THE TIME OF PETITIONER'S ARREST DATE TO THE IMPLEMENTATION DATE OF THE DETAINER. THE NUMEROUS CHECKS PERFORMED BY THE ALABAMA DEPARTMENT OF CORRECTIONS IN REGARD TO THE PETITIONER, AND THE ONE EXPLICIT CONTACT BY SAID AUTHORITIES TO BATON ROUGE, NOT ONLY SHOWS AN EXCESSIVE DELAY. IT ALSO SHOWS INTENTIONAL DELAY AS WELL AS SEVERE PREJUDICE TO THE DEFENDANT.

(2) AS TO THE REASON FOR THE DELAY: THE PRIMA FACIA EVIDENCE WITHIN THE PETITIONER'S EXHIBITS A THROUGH F, CLEARLY REFLECTS THAT THE DELAY BY THE 19TH JUDICIAL DISTRICT OF EAST BATON ROUGE, COULD NOT HAVE BEEN IN LACK OF KNOWLEDGE OF PETITIONER'S WHEREABOUTS. NOR COULD IT HAVE BEEN DUE TO LACK OF DILIGENCE / ASSERTION, ON BEHALF OF PETITIONER. THE SPECIFIC CONTACTING OF BATON ROUGE BY THE ALABAMA AUTHORITIES ON DECEMBER 30, 2004, WAS THE PETITIONER'S FINAL ATTEMPT IN RESOLVING ANY / ALL OUTSTANDING WARRANTS PRECEEDING HIS RELEASE INTO SOCIETY. ALTHOUGH, THE BATON ROUGE AUTHORITIES EXPLICITLY RESPONDED IN STIPULATION OF: "THEY COULD NOT FIND ANY CASES PENDING". * SEE EXHIBIT F *

(3) AS TO THE ASSERTION OF RIGHT: IT WOULD BE IMPOSSIBLE TO ASSERT FAST AND SPEEDY TRIAL, OR FOR THAT MATTER, ANY RIGHT TO A NON-EXISTENT, INTENTIONALLY WITHHELD WARRANT, WHICH IN ALL REALITY WOULD NOT ONLY BE A CONSTITUTIONAL AMENDMENT VIOLATION OF DUE PROCESS, PREJUDICE, AND DEPRIVATION OF LIBERTY

But also shows intentional prejudice on behalf of prosecution as to the withholding of the warrant until the petitioner's release from prison, only to initiate it thirty (30) days later and then reimprison him.

(4) As to the prejudice to the defendant: From December 21, 2001 until March 17, 2005, through numerous searches and personal telephonic communication per petitioner's request, Alabama Department of Corrections Classification Department attempted initiating this inactive and/or unfounded 2001 warrant, and Baton Rouge refused to do so. Petitioner, over that period of time consistantly and diligently remained in compliance, exercised excellent work reports, attended voluntary self-help programs, remained disciplinary and detention free, and accumulated a model prisoner reputation. Upon release, petitioner acquired immediate employment with a reputable business in which he was climbing the authorative ladder on a weekly basis, until East Baton Rouge lodged a detainer on a warrant in which they had explicitly stepulated just three (3) months earlier that it did not exist.

The petitioner was arrested during working hours at his place of employment and returned to the work-release center, placed in a cell/unit to await transport back to prison, no hearing to question the validity of the charges and/or warrant, just immediate reimprisonment.

The petitioner lost his job, contact with family, freedom, and everything that he had so diligently worked toward for all those years.

In MOORE v. ARIZONA, 38 L. Ed 2d 183 [5] : MOREOVER, PREJUDICE TO A DEFENDANT CAUSED BY DELAY IN BRINGING HIM TO TRIAL IS NOT CONFINED TO THE POSSIBLE. [414 US 27] PREJUDICE TO HIS DEFENSE IN THOSE PROCEEDINGS." INORDINATE DELAY." WHOLLY ASIDE FROM POSSIBLE PREJUDICE TO A DEFENSE ON MERITS, MAY 'SERIOUSLY INTERFERE WITH THE DEFENDANT'S LIBERTY, WHETHER HE IS FREE ON BAIL OR NOT, AND ..... MAY DISRUPT HIS EMPLOYMENT, DRAIN HIS FINANCIAL RESOURCES, CURTAIL HIS ASSOCIATIONS, SUBJECT HIM TO PUBLIC OBLOQUY, AND CREATE ANXIETY IN HIM, HIS FAMILY AND HIS FRIENDS.

IN KLOPFER v. NORTH CAROLINA, 18 L. Ed 2d 1, 87 S. CT 988 (1967), THIS COURT HELD THAT THE SIXTH AMENDMENT STANDARDS GOVERNING SPEEDY TRIAL ARE MADE OBLIGATORY ON THE STATES BY THE FOURTEENTH AMENDMENT "DUE PROCESS CLAUSE".

IN DICKEY v. FLORIDA, 26 L. Ed 2d 26 [13] IT HAS BEEN HELD THAT NEGLIGENT DELAY VIOLATES THE SPEEDY TRIAL CLAUSE. HANRAHAN v. UNITED STATES, 121 US APP DC 134,139 : 348 F 2d 363, 368 (1965) : UNITED STATES v. REED, 285 F. SUPP 738, 741 (DC DE 1968), Cf. FED. RULE CRIM. PROC. 48(b), WHICH GIVES THE FEDERAL COURTS DISCRETION TO DISMISS ANY INDICTMENT IF THERE HAS BEEN "UNNECESSARY" DELAY IN PROSECUTION.

THE ADVERSE EFFECT, WHICH IMPAIRS THE PETITIONER'S ABILITY TO PROPERLY PREPARE, PRESERVE, AND PRESENT EVIDENCE IN DEFENSE IS BEING SEVERELY RESTRAINED DUE TO THE PROLONGED DELAY, AND IS ALSO IN VIOLATION OF PETITIONER'S CONSTITUTIONAL AMENDMENT RIGHTS OF "DUE PROCESS, EQUAL PROTECTION, AND DUE ACCESS TO THE COURTS".

THE FOLLOWING PROVISIONS AND/OR CASE(S) APPLY :

(1) LOUISIANA CONSTITUTION, ARTICLE I § 9.

(2) LOUISIANA CODE CRIM. PROC. ANN. ART. 701 (WEST) (1967).

(3) LOUISIANA COURTS OF CRIMINAL PROCEDURE, ARTICLES 261 to 280.

(4) MOORE V. ARIZONA, 32 L.Ed 2d 183, 94 S.CT. 188, 414 US 25.

(5) DICKEY V. FLORIDA, 398 US 30, 26 L.Ed 2d 26, 90 CT. 1564.

(6) BARKER V. WINGO, 407 US 514, 33 L.Ed 2d 101, 92 S.CT 2182 (1972).

(7) SMITH V. HOOEY, 393 US 374, 383, 21 L.Ed 2d 607, 89 S.CT. 575 (1969).

(8) U.S. V. MARION, 404 US 307, 320, 30 L.Ed 2d 468, 92 S.CT. 455 (1971).

(9) KLOPFER V. NORTH CAROLINA, 386 US 213, 223, 18 L.Ed 2d 1, 87 S.CT. 988 (1967).


ALTHOUGH, IN REFLECTION OF THE NUMEROUS CHECKS AND SEARCHES MADE BY THE ALABAMA AUTHORITIES, AND THE SPECIFIC TELEPHONIC CONTACT MADE TO THE BATON ROUGE JUDICIAL CIRCUIT/DISTRICT CLERK, SAID AUTHORITIES FAILED ANY/ALL GOOD FAITH EFFORT IN DETAINING WARRANT, DETAINER, OR ANY PROCEEDINGS UNTIL PETITIONER'S RELEASE FROM PRISON TO SOCIETY. THIS IN ITSELF NOT ONLY SHOWS PREJUDICE, BUT IF FURTHER PURSUED, WOULD ALSO REFLECT MALICIOUS PROSECUTION INTO THE STATUS OF FINANCIAL LIABILITIES.


WHEREFORE, SUCH RULES AND REGULATIONS GOVERNING THESE PROVISIONS HAVE BEEN SEVERLY VIOLATED. THROUGH THIS AND THE INTENTIONAL WITHHOLDING OF THIS INFORMATION, IS, AND HAS BEEN SUBJECTING THE PETITIONER TO DENIAL OF HIS EQUAL PROTECTION OF THE SUBSTANDARD ASPECTS OF DUE PROCESS BY SAID AUTHORITIES.


PETITIONER CONTENUES TO BE UNJUSTIFIABLY AND UNCONSTITUTION ALLY HARMED. IN THAT, HAD JUDICIAL PROCEEDINGS OR INITIATION

OF SAID INDICTMENT, INFORMATION, COMPLAINT, OR DETAINER
BEEN PROPERLY EXECUTED WITHIN A REASONABLE AND/OR ADEQUATE
AMOUNT OF TIMES. PETITIONER WOULD NOT BE CURRENTLY
DEPRIVED OF HIS LIBERTY AS HE IS NOW.

DUE TO THE UNITED STATES CONSTITUTIONAL AMENDMENT VIOLATIONS
AND THE IMPROPER CONSTRUCTION OF SAID LAWS GOVERNING SUCH.
THE PETITIONER NOW MOVES THIS HONORABLE COURT FOR AN ORDER
DISMISSING WITH PREJUDICE AS REQUIRED BY THE LAWS.

— — — — — — — — — — — — — — — — — — — — —

## SWORN OATH

I CHRISTOPHER LUCUS, do HEREBY SWEAR / AFFIRM, UNDER
PENALTIES OF PERJURY, THAT THE FACTS CONTAINED HEREIN ARE
TRUE & CORRECT.

AFFIANT'S _____
CHRISTOPHER LUCAS.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT OF THIS FOREGOING
PETITION HAS BEEN FORWARDED BY CERTIFIED PRE-PAID UNITED
STATES POSTAL SERVICE TO:

CLERK OF THE NINETEENTH JUDICIAL DISTRICT
COURT, 222 St. LOUIS STREET, BATON ROUGE, LOUISIANA.
70802.

NOTARY: _____ DONE THIS 14 DAY OF JULY 2005.
COMMISSION EXPIRATION DATE OF _____.

PETITIONER'S _____
CHRISTOPHER LUCAS.



**Office Of The Clerk**
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Certificate of Mailing**
6/27/2005

2005-KW-0794

State Of Louisiana
  Versus
Christopher Lucas

TO:   Christopher  Lucas              Hon. Douglas P. Moreau
      Ventress Correctional           East Baton Rouge Parish -
      Facility - Dorm 9 A             Appellate Division
      P.O. Box 767                    222 St. Louis Street
      Clayton, Al 36016               5th Floor
                                      Baton Rouge, LA 70802

    I hereby certify that a copy of the attached was mailed this date to the trial judge, all counsel of record, and all
parties not represented by counsel as listed above.

*Elizabeth D Nantz*

CHRISTINE L. CROW
CLERK OF COURT

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                          NUMBER 2005 KW 0794

VERSUS

CHRISTOPHER LUCAS                           JUNE 27, 2005

---

In Re:    Christopher Lucas, applying for supervisory
          writs, 19th Judicial District Court, Parish of
          East Baton Rouge, Warrant No. 04-02-008 and
          Docket No. Unknown.

---

**BEFORE:  CARTER, C.J., GUIDRY, AND GAIDRY, JJ.**


    **WRIT DENIED.**  This application appears to be a motion
to quash detainer and a motion for speedy trial filed in
this Court in the first instance.  This Court is limited to
review of lower court rulings or the failure of the lower
court to act on a properly filed petition.  Any application
filed in this Court should indicate what relief has been
sought in the district court and the result of such filing,
and should include a copy of any motions or pleadings filed
in the district court that are now at issue and a copy of
the district court's rulings.  If relator is attempting to
quash a warrant for felony theft issued by the Baton Rouge
City Police Department, he should first file his pleadings
in the 19th Judicial District Court, Parish of East Baton
Rouge.


                              JMG
                              EJG
                              BJC

In The Ninteenth Judicial District Court of
East Baton Rouge, Louisiana.

<u>Christopher Lucas</u>
Petitioner.

VERSUS.

<u>State of Louisiana</u>
Respondents.

Case No: <u>126703-01</u>

Charge: <u>Felony Theft</u>

---

## <u>Defendants Written Request For Speedy Trial</u>

Comes Now The Defendant / Petitioner Christopher Lucas, Self Represented Pro-Se Litegant, Pursuant To The Louisiana Constitution Article I, §9, The Louisiana Code Of Criminal Procedure, Article 701 (West) (1967), And The United States Constitutional Amendments VI And XIV. Petitioner Hereby Requests This Honorable Court Acceptance Of His Not Guilty Plea And Set The Above Captioned Case For An Expedient Docket Setting At The Earliest Possible Convenience Of This Court.

Petitioner Also Requests This Court To Accept His Assertion Of As A Self Represented Pro-Se Litegant, That This Motion Also Be Acknowledged As An Affidavit / Affirmation That Petitioner Is Prepared And/Or Ready For Trial.

In Support Thereof, Petitioner States As Follows:

(1) Petitioner Is Innocent Of The Charges Herein.

(2) Petitioner Is, And Has Been Encarcerated In The Alabama Department Of Corrections Since December 21, 2001.

(3) Louisiana Authorities Have Been Aware Of Petitioners Whereabouts Since His Time Of Arrest.

(4) Petitioner Objects To Any/All Continuances In Reference To The Above Referred To Case.

## SWORN OATH

I, CHRISTOPHER LUCAS, do HEREBY SWEAR / AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS IN THE FOREGOING ARE TRUE AND CORRECT.

AFFIANT: _Christopher Lucas_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THIS FOREGOING DOCUMENT HAS BEEN FORWARDED BY PRE-PAID U.S. CERTIFIED POSTAL SERVICE FROM P.O. BOX 767, OF VENTRESS CORRECTIONAL FACILITY, CLAYTON, ALABAMA 36016-0767 TO:

JUDICIAL DISTRICT CLERK
NINETEENTH JUDICIAL DISTRICT
PARISH OF EAST BATON ROUGE

NOTARY: _Carolyn Longmire_ DONE THIS 5th DAY OF July 2005.
COMMISSION EXPIRATION DATE OF _My Commission Expires August 21, 2007_

PETITIONER: _Christopher Lucas_
CHRISTOPHER LUCAS.

Donald Campbell, Parole Board                    7 26 05
1403 Lloyd St
Montgomery, Al 36107

DEAR MR Campbell

I am writing you about a very intricate
and delicate matter that falls within your
capacity as Commissioner of the Al. board
of pardon's and parole's as numerous
personal board transactions concerning parole's,
are set pursuant to the Louisiana Parole
board was conducted here and I have
waited the appropriate amount based to very
sure of my facts, which was well aware, I am
not trying to make any kind of accusation that
express my objections to coercion with my
attempts to substantiate the value of
the authority of the warrant my actions
herein to the observation of these
numerous observations and intentional
there that was put into the books of
my in this make justified and coerced in
which we talk of are self and how I feel
to not have any thing of interest in what
I was done now more insisting on more
and more or will be standing in question
the fact that this previously unexplored

                    1

Donald Campbell, Commissioner                7-23-05
1409 Lloyd St.
Montgomery, Al 36107

DEAR MR. CAMPBELL

I AM WRITING YOU ABOUT A VERY INTRICATE
AND DELICATE MATTER THAT FALLS WITHIN YOUR
CAPACITY AS COMMISSIONER. AFTER 24 MONTHS
OF INCARCERATION AND A SEQUENCE OF NUMEROUS
NATIONAL CRIME INFORMATION COMPUTER CHECKS,
ONE PREVIOUSLY TO THE LOUISIANA CIRCUIT
COURT WAS CONDUCTED BEFORE MY 2-17-05
PLACEMENT AT DECATUR COMMUNITY BASED FACILITY.
ON 2-17-05, THIRTY/30 DAYS LATER, I WAS
ARRESTED AT MY PLACE OF EMPLOYMENT AND
ESCORTED IN HANDCUFFS TO LOCKUP WITH NO
HEARING TO SUBSTANTIATE THE CHARGES OR
THE VALIDITY OF THE WARRANT. MY POSITION
HEREIN IS ONE CHARACTERISTIC OF HOW
MALICIOUS PROSECUTION AND INTENTIONAL
HARM HAS NOT ONLY LANDED ME BACK IN
PRISON, BUT MADE INELIGIBLE FOR PAROLE IN
WHICH ON 6-15-05 MY CASE WAS REVIEWED.
IT HAS BEEN BROUGHT TO MY ATTENTION THAT
THERE ARE NO WRITTEN MEASURES IN PLACE
FOR AGENCIES AND/OR AUTHORITIES IN QUESTION
THE FACT THAT THIS PREVIOUSLY UNFOUNDED

1

detained was withheld intentionally until after my release into society not only shows prejudice, but also shows intentional and malicious harm. Although Louisiana is not a signatory member of the Interstate Agreement on Detainers, there are still congressionally sanctioned rules and safeguards that prevent this type of injustice. Included therein is the authority of yourself and the Governor of this state to review and/or intervene in such cases where a travesty of justice exits. It has would be so kind to spend a moment of your time to review the case file & record, you will acknowledge the fact that not only have I asserted an effort in attempt to resolve said matter but I was assisted by the classification dept of your Alabama dept of corrections on numerous occasions throughout my incarceration up to my release. The one specific "personal contact" by classification before my release substantiates my attestations to the fact.

THANK You for Your time and convenience in a reply via the

2

_Enclosed stamped envelope_

Smallwood, Christopher Lucas
CHRISTOPHER LUCAS
2234646 VA
VENTRESS CORR FACILITY
P.O. Box 767
Clayton, AL 36016

2

Emile Weibaen
Clerk of Court
P.O. Box 1991
Baton Rouge, LA 70821-1991          9-9-05

Dear Mr. Weibaen

This is in regards to previous mailed documents received 8-18-05 by your office. This information was per your request about a prisoner in the Baton Rouge P.D. that I've requested that information on 9-09-05. You were provided with copies of everything I've done to resolve this matter as well as pertinent information to prove my innocence of charges and current status. The significance of you providing that information resolution is that I am filing my complaint and was put back in prison as a result of this charges unlawful conduct.

Thank you for your time.

Very Truly, Christopher Lucas
CHRISTOPHER LUCAS
#XXXXXX 9B
VENTRESS CORREC. FACILITY

1

P.O. Box 767
*[illegible], Alabama 36011*

CASE No. 106792-01
*R.A.S. - [illegible]*
*[illegible]*
*[illegible]*
CHARGES - FELONY THEFT

2

STATE OF ALABAMA

**Bob Riley**
**Governor**

DEPARTMENT OF CORRECTIONS
*10/3/05*

**Donal Campbell**
**Commissioner**

VENTRESS CORRECTIONAL FACILITY

Post Office Box 767
Clayton, Alabama 36016

SEMI-ANNUAL REVIEW

FROM:    Tanya Morris, Classification Specialist

TO:    *Lucas, Christopher B)000646*

REF:    SEMI-ANNUAL PROGRESS REVIEW

A semi-annual progress review of your file was conducted on ___*10/3/05*___

For possible changes in your classification.  You were not recommended for any changes

for the following reasons: *Baton Rouge LA Police Dept. Felony*
*Theft Out-of-State Warrant*

Your next review will be: *4/06*

This decision is not appealable.

Baton Rouge P.D.                    10-4-05
P.O. Box 24606
Baton Rouge, LA 70821


RE: 126705-01 (Case Number)
    04-04-008 (Warrant Number)
    CHARGE: FELONY THEFT


Dear Sir or Madam

The above originated out of your
Agency and due to its current "unknown"
status. I'm extended each certain
privileges I would otherwise be entitled
as outside the Ashland Court of Alaba-
ma. In attempt order to resolve
above matter, I'm notified, by my parole
in the East Parish of Baton Rouge would
conduct investigation and may further
compile, at request before the
following:

1. Information of the "current or status"
   of "not wanted" or such.

2. If different than above, please provide
   appropriate court address or source.

3. Any related pertinent information that
   would prove HELPFUL.


1 of 2

# COURT OF APPEAL, FIRST CIRCUIT

Date:  October 25, 2005

To:     Chris Lucas, #222646

In response to your correspondence received by this Court on October 17, 2005, please be advised:

(XX)  Your writ application, 2005 KW 0794 was decided on June 27, 2005.  In that writ action you were directed with the following language, ". . . If relator is attempting to quash a warrant for felony theft issued by the Baton Rouge City Police Department , he should first file his pleadings in the 19th Judicial District Court, Parish of East Baton Rouge."  As you were previously instructed, "This Court is limited to review of *lower court rulings* or the failure of the lower court to act on a properly filed petition."  Any future filings with this Court should indicate what relief *has been sought in the district court* and *the result* of such filing, and should *include a copy of any motions or pleadings filed in the district court* that are now at issue and a copy of the *district court's rulings.*

(XX)  This Court does not provide legal advice or forms.  Therefore, you may wish to contact your attorney, Department of Corrections, or the prison administration for legal assistance and/or forms.

Sincerely,

The Clerk's Office

* ExhIbIT - B *



**Police Department**

City of Baton Rouge

704 Mayflower Street
Post Office Box 2406
Baton Rouge, Louisiana
70821

October 19, 2005

Mr. Christopher Lucas
222646 9B
Ventress Corr. Facility
P.O. Box 767
Clayton, Alabama  36016

Dear Mr. Lucas:

We received your letter inquiring about felony theft charges that are pending against you in Baton Rouge.   The Baton Rouge Police Department has an active felony theft warrant for your arrest.   A detainer, which will not be lifted, has been placed on you as a result of that warrant..

Once your sentence is served in Alabama we will be happy to arrest and prosecute you for this charge.

If you need additional information, feel free to contact.

Sincerely,

Kim L. Brooks

KLB/mb

✳ Exhibit-C ✳