IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LUCAS, #222646, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-0032-WKW |
| | ) | [WO] |
| | ) | |
| STATE OF LOUISIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 28 U.S.C. § 2241 petition for habeas corpus relief, Christopher Lucas ["Lucas"], a state inmate, challenges the validity of a detainer issued by officials of East Baton Rouge, Louisiana.

**DISCUSSION**

This court "[f]or the convenience of the parties and witnesses, [and] in the interest of justice" may transfer a case to any district where it might have been brought. 28 U.S.C. § 1404(a). Lucas challenges the legality of a detainer lodged against him by law enforcement personnel of East Baton Rouge, Louisiana. East Baton Rouge, Louisiana, is located within the jurisdiction of the United States District Court for the Middle District of Louisiana.

Where a prisoner brings an action in the district court of his confinement seeking to challenge a detainer lodged against him by a state in which he is not confined, the court may transfer the cause of action to a more convenient forum. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973)*; Byrd v. Martin*, 754 F.2d 963 (11th Cir. 1985).

Upon examination of the factual allegations contained in the present petition, it is clear that the United States District Court for the Middle District of Louisiana is the most desirable and convenient forum for adjudication of the petitioner's claims for habeas corpus relief. Specifically, it is in the Middle District of Louisiana where all the events material to the petitioner's claims took place and where the records and witnesses pertinent to such claims can be found.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Middle District of Louisiana for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Middle District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404. .

It is further

ORDERED that on or before February 3, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE